SAMUEL YOUNG ET AL. V. POLLY GRAY ET AL.

(Case No. 1927)

1. CONSOLIDATION OF SUITS—PRACTICE.—Suit was commenced in a county court to review the probate decree of that court approving the final account of the guardian of a deceased minor, and ordering a distribution of the estate. The case went up regularly to the supreme court, where it was decided (60 Tex., 541) that the order for distribution was void, and the prayer for its correction was properly dismissed; but that part of the petition asking a revision of the final account of the guardian was remanded for hearing. Plaintiffs then brought an original suit in the district court for relief against the distribution, and, on their motion, the two suits were consolidated. At the next term the consolidation was set aside. *Held:*

(1) That it is left to the discretion of the trial court whether suits shall be consolidated or not (R. S., art. 1450), and, having made the order of consolidation, setting it aside is not reversible error unless the party appealing has suffered some injury therefrom.

(2) It is not probable that such an injury resulted in this case, since the simultaneous consideration of the issues would hardly have affected the results.

2. GUARDIAN—LIABILITY—EVIDENCE.—A guardian is not liable for failing to sue the sureties upon his predecessor's bond for money fairly expended by their principal for the benefit of his ward, though the vouchers were not in proper shape. Over such testimony he could not have recovered against the sureties, and the vouchers aay be introduced in evidence to show that he was not in fault in not suing them.

3. EVIDENCE—VOUCHERS.—Plaintiffs charged that the final account of guardian, showing the credits evidenced by vouchers, had been improperly approved. *Held:* That the burden was on the plaintiffs to prove errors in the account, and the admission in evidence of vouchers, offered by defendant, not proven up or allowed, if error, was immaterial.

4. EVIDENCE.—See opinion for facts held sufficient to sustain the findings of the court.

APPEAL from Rusk. Tried below by the Hon. J. G. Hazlewood. The opinion states the case.

*Martin, Casey* and *J. H. Turner,* for appellants, on the consolidation of the suits, cited: McLane *v.* Paschal, 62 Tex., 102; Veal *v.* Fortson, 57 Tex., 482; Peticolas *v.* Carpenter, 53 Tex., 23; 2 Bouv. Law Dic., 133; Clegg *v.* Varnell, 18 Tex., 294.

On the right of a guardian to sue on the bond of his predecessor, they cited: R. S., arts. 2477-2619; Boulwarl *v.* Hendricks, 23 Tex., 667.

*H. L. Stone* for appellees.

ROBERTSON, ASSOCIATE JUSTICE.—This suit was originally commenced in the county court to review the probate decree of that court approving the final account of T. J. Lacy as guardian of the estate of Ellen Gray, a minor, and ordering a distribution of the estate. The petition was dismissed in the county court, and an appeal to the district court was again dismissed in both courts for want of jurisdiction. The judgment of the latter court was reversed on appeal to this court. 60 Tex., 541. It was then held that the order for final distribution was void, and the bill of review, in so far as as it sought a correction of that order, was properly dismissed; but as a revision of the decree approving the final account of the guardian was embraced in the petition, the judgment of dismissal was reversed, and the cause remanded for hearing on this branch of the case. Afterward the plaintiffs commenced in the district court an orignal suit for the relief which this court had determined they could not obtain in the proceeding instituted in the county court. At the January term, 1885, on the plaintiff's motion, this original suit commenced in the district court, and the fragment left by the judgment of this court of the case then pending in the district court on appeal from the county court were consolidated. At the July term the order of consolidation was set aside, and the case appealed from the county court was tried, and a judgment rendered for the defendants. The plaintiffs appealed, and they assign as error the action of the court in setting aside the order by which the case was

tried and that originally commenced in the district court were con-
solidated.    The object of the case tried was to restate the guardian's
final account, and thus ascertain the property and amounts of money
for which he was responsible to the heirs of the deceased ward.    The
object of the other suit was to recover against him and those to whom
he had surrended the estate a judgment for the part belonging to the
plaintiffs.    The district court had original jurisdiction of the latter
suit, and of the former, on appeal from the county court, jurisdiction
to try it *de novo*.    If in the case tried the plaintiffs in the district
court had filed an amendment seeking the relief prayed for in the
original suit, the question whether the district court in a cause
appealed from the county court could exercise any power or extend
any relief not in the jurisdiction of the court *a quo* would have arisen.
It was held by the court in the case of Newton *v.* Newton, 61 Tex., 511,
and McLane *v.* Paschal, 61 Tex., 102, that the parties were not confined
in the district court to the pleadings and issues made in the county court
but the amendments proposed in the district court in both these cases
were such as could have been made in the county court, and neither
invoked in the district court powers not possessed by the county court.
In the case of Veal *v.* Fortson, 57 Tex., the district court exercised,
in a case appealed from the county court, a jurisdiction not possessed
by the court, *a quo*, and the judgment was affirmed.    It is not neces-
sary for us to determine whether that case settles the question, as the
plaintiffs in this case did not, by amendment, invoke the distinct juris-
diction of the district court.    Whether suits shall be consolidated or
not is by statute left in the discretion of the trial court.    R. S., art.
1450.    Having made the order of consolidation, setting it aside is not
reversible error, unless the party appealing, as the result of the order
complained of, has suffered some injury, and we can not see how the
refusal of the court below to try the two cases together has operated
unjustly to the appellants.    The result of the issues tried could not
have been affected by the simultaneous consideration of those involved
in the other suit, and in the trial of the other suit the result reached
in this will have the same and no other effect than if the cases had
been tried together.

It was averred and proved on the trial that appellee, Lacey, suc-
ceeded Wm. T. Gray as guardian of the estate of Ellen Gray.    Wm.
T. Gray filed an inventory and appraisement, but made no report of
his three years administration of the ward's estate.    He and his ward
fled together the perils of a criminal prosecution, and Lacy became
his successor in the guardianship of the estate.    The petition charged
that Gray squandered the ward's estate, and that Lacy, having a right

of action on Gray's bond, was responsible for all the effects received by Gray. Gray was a witness in the case, and while on the witness stand he was allowed to testify, over the appellants' objection, that he paid out in the necessary interest of his ward certain sums mentioned in receipts exhibited to him. The appellants' objection was that the claims thus paid were not sworn to, or approved by the court. The bill of exception shows that this was the ground of objection, but the receipts are not found in the record, and whether the claims paid were sworn to or approved or not, appears only in counsel's statement in the bill of his objection to the evidence. We may infer, as the bill is not qualified, that the statement is true, and as a fact we have no doubt of it; but this defect in the admitted proof should more authentically appear in the record. Treating the objection as fairly presented, we do not think the court erred in overruling it. Certainly Lacy would not be required to sue the sureties upon his predecessor's bond for moneys fairly expended by their principal for the benefit of his ward, though the vouchers were not in proper shape. Over such testimony he could not have recovered against the sureties; it was therefore properly admitted to show that he was not at fault in not suing them.

On the trial the appellants objected to certain vouchers for moneys paid out by Lacy on the ground that the claims paid were not proven up or allowed. In the bill of exception the vouchers are not set forth. If, however, they were improperly admitted, the error was immaterial. The plaintiffs charged that the final account filed by Lacy, which showed the credits evidenced by the vouchers, had been improperly approved by the court. The burden was on the plaintiffs to prove errors in the account, and they offered no proof impeaching the items proved by the vouchers.

It appears from the evidence that Wm. Gray was the first guardian of Ellen Gray's estate, but the plaintiffs do not complain in their petition of any maladministration upon his part; indeed, in their pleadings they mention only Wm. T. Gray and Lacy. The court below in the findings of fact did not go further back than Wm. T. Gray's guardianship. Neither the pleadings nor the court's view of the evidence authorized any investigation of Wm. Gray's administration. The plaintiffs' petition proceeds upon the idea that Wm. T. Gray received and inventoried the entire estate of his ward, but failed to properly account for it to his successor. If this theory is disproved by the evidence, the plaintiffs' case is disproved. On an allegation that Lacy failed to recover all the property received by Wm. T. Gray, they can not make him responsible for property which

they show Wm. T. Gray never received. It is plain, however, that the court below considered the entire estate of the ward fairly and quite fully accounted for in Lacy's final report. Wm. Gray seems to have received about $2,714. Wm. T. Gray received about $3,500 worth of property, and Lacy accounted for $5,400 worth. The annual income of the ward's estate was about $300, and the use of this amount for her maintenance and education would certainly not be extravagant. The court below very properly held that the items not mentioned in the inventories, such as the sewing machine, in the absence of any proof to the contrary, were sufficiently accounted for in the sums that were reported, or were consumed or worn-out in the service of the ward.

The court's findings of facts are well sustained by the evidence. The small items of interest charged by Lacy upon amounts paid out by him are not complained of in the plaintiff's petition, and no evidence was offered respecting them, other than the report in which they were contained. On the face of that report we cannot say they were not proper charges.

That a less sum was ordered to be distributed than the final account showed was on hand, it was held on the former appeal of this case, could not be reviewed in this proceeding, as the order of distribution was void.

The estate of the ward, whilst yielding a revenue less than a liberal current provision for her, has yet steadily increased, nearly doubling in ten years. This, in a general way, is certainly an exceptionally good showing. Under the very general allegations contained in the plaintiffs' petition, all the proof the plaintiffs offered was admitted, and as we find nothing in the facts justifying any other judgment than that rendered in the court below, that judgment is affirmed.

AFFIRMED.

[Opinion delivered November 24, 1885.]