## TEXAS BREWING COMPANY v. MINNA BISSO ET AL.

Decided April 4, 1908.

**1.—Husband and Wife—Separate Property of Wife—Testimony.**

The issue being whether certain town lots levied on as community property was, in fact, the separate property of the wife, the answer of the wife, when testifying, that her money paid for the property, was not subject to the objection that it was a mere conclusion of the witness, and did not state facts, when she testified fully as to the facts, and her testimony, taken as a whole and in connection with the testimony of other witnesses, fairly showed that the property in controversy was purchased with the proceeds of her separate estate. The case of Ballew v. Casey, 9 S. W., 189, distinguished.

**2.—Same—Pleading.**

In an action by a wife to enjoin the sale of her separate property under execution against the husband, an allegation that the property was her separate property, and paid for by her out of her separate and individual funds, is sufficient, without pleading the facts which made it her separate property.

**3.—Actions—Misjoinder—Discretion of Court.**

A wife brought suit to enjoin a sale under execution of her separate property to satisfy a judgment against her husband; the defendant answered, and prayed that, in the event the property levied on should prove to be the separate property of the wife, then that certain other property, describing the same, and which it was alleged had been conveyed in fraud of creditors, and on which the plaintiff in execution had a judgment lien, be ordered sold. Held, the court did not err in sustaining an exception to the answer and prayer on the ground that it was a misjoinder of causes of action. Such questions are addressed to the sound discretion of the trial judge, and will not be revised unless there has been a clear abuse of such discretion.

**4.—Trial—Sustaining Exception—Harmless Error.**

When evidence is admitted upon an issue, and the issue submitted to the jury, the sustaining of an exception to the pleading presenting the issue becomes harmless error, if error at all.

**5.—Same—Charge without Evidence.**

Where there is no evidence upon an ·issue it is proper to refuse a charge submitting such issue.

**6.—Execution—Injunction—Wife's Separate Property.**

. A wife sued out a temporary injunction to restrain the sale of certain lots alleged to be her separate property; as to some of the lots the record title plainly disclosed the fact that they were her separate property, but as to the other lots this evidence rested in parol; a motion was filed to dissolve the injunction on the ground that plaintiff had an adequate ·remedy at law, but this

motion was never acted on by the court; upon the trial the evidence sustained the claim of the wife, and the injunction was perpetuated as to all the lots. Held, if the judgment perpetuating the injunction was error it was not fundamental error.

### 7.—Same—Cloud upon Title—Injunction.

Injunction will lie in behalf of the wife to prevent a cloud upon her title by a sale of her property under execution, when the evidence upon which her right depends is not of record nor shown in the title papers upon which her right is predicated.

Appeal from the District Court of Navarro County. Tried below before L. B. Cobb.

*C. von Carlowitz, Frost & Neblett* and *Theodore Mack,* for appellants.—The court erred in overruling the objection of defendant to the testimony of Minna Bisso when she testified that the property in question was paid for and improved with her separate funds, without requiring her to show how such funds became her separate property. Ballew v. Casey, 9 S. W., 189, (Sup. Court); Brown v. Mitchell, 88 Texas, 367; Gilbert v. Odum, 69 Texas, 673.

The court erred in sustaining the plea of misjoinder of causes of action in plaintiff's supplemental petition against defendant's cross-action, in which the defendant sought, in the event that the property levied upon should prove to be the separate property of plaintiff, Minna Bisso, to subject other property held by the defendant to the judgment. Skipwith v. Hurt, 94 Texas, 332; Craddock v. Goodwin, 54 Texas, 582; Morris v. Davis, 31 S. W., 853; Howard v. Parks, 1 Texas Civ. App., 603; Braden v. Gose, 57 Texas, 42; Oldham v. Erhart, 18 Texas, 148; Harris v. Schlinke, 95 Texas, 88; Dixon v. Sanderson, 72 Texas, 363; 20 Cyc., pages 421, 422; Adoue v. Spencer, 90 Am. St. Rep., 497, and note; Hagerman v. Buchanan, 14 Am. St. Rep., 744, and note; Greer v. Wright, 52 Am. Dec., 116, and note; 99 Am. St. Rep., 430; McLaughlin v. Bank of Patomac, (Sup. Ct. U. S.), 12 L. ed., 675; Texas Brewing Co. v. Mallette, 67 S. W., 441.

A judgment lien creditor may, through principles of equity, reach improvements made with community funds upon the separate property of the wife; to the extent of the enhancement made with community funds the property is subject to community debts and the same principles apply to property partially paid for with community funds. Braden v. Gose, 57 Texas, 42; Maddox v. Summerlin, 92 Texas, 487.

It is a well established rule of equity jurisprudence that it will not lend its aid by injunctive process where an injured party has an adequate remedy at law. Hence, as a matter of jurisdiction, the trial court was without power to grant injunctive relief to restrain the sale of lots 1 and 2, since the undisputed evidence showed that the record title was in Mrs. Bisso as her separate property and estate, the consideration as apparent in the recorded deed being paid and was to be paid out of the separate estate of the wife. Purinton v. Davis, 66 Texas, 456; Spencer v. Rosenthall, 58 Texas, 5; Hahn v. Willis, 73 S. W., 1084.

*Richard Mays,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—Minna Bisso, joined by her husband, plaintiffs below, filed their petition for an injunction against the appellant and W. B. Robinson, sheriff, to enjoin the sale under an execution against the husband, Peter Bisso, of certain property, to wit, the west· half of lot No. 13 and all of lot No. 14, in block 247, Houston & Texas Central Railroad Addition to the city of Corsicana, as well as lots 1 and 2 in block No. 22 of the same addition. It was alleged, in substance, that the property levied upon was the separate property and estate of Minna Bisso, and that the writ of execution was levied thereon as the property of the husband, Peter Bisso, under a judgment in favor of the appellant against the husband. A temporary injunction issued.

Appellant answered by general demurrer, special exception, general denial and specially, in substance, that the west half of lot No. 13 and all of lot No. 14 was conveyed to Minna Bisso by one Freedman, in July 1897, for a recited consideration of $1,600, during coverture and that the deed of conveyance prima facie shows the said property to be community property; that in so far as lots 1 and 2 are concerned, the deed of conveyance to Minna Bisso recites that the same was paid for out of her separate estate and in further consideration of two certain promissory notes executed by her and her husband to her vendor, and to the extent of the deferred payment, amounting to $550, the same became community property, subject to community debts. That the husband had erected on said last named lots out of community funds a building thereon of the value of $5,000, and to that extent the same became community property, and that after said conveyance the husband purchased out of community funds an outstanding title, paying therefor $100, and to that extent the same became impressed with community character. That defendant relying upon the recitations contained in the records of these deeds extended credit to the husband for large sums, of which fact the wife was aware, and thereby she became estopped as against this defendant; that the husband is insolvent and that defendant holds an unsatisfied judgment against him in the sum of $730.56 with interest thereon from October 16, 1905, at 6 percent upon which execution had issued and had been duly levied upon the property in controversy, etc.

Defendant then set up the business relations existing between it and Peter Bisso and the extension of credit to him, consisting in a running line of credit, etc., alleging that he had purchased from various persons certain real estate during the time this credit was extended to him for a recited cash consideration, which real estate he had sold and conveyed in contemplation of bankruptcy, or while he was insolvent; that without consideration and during the time of his indebtedness to defendant he had conveyed certain property to his wife as her separate property and estate; that defendant in October, 1905, recovered judgment against Peter Bisso for the sum hereinbefore named and .caused an abstract thereof to be duly filed as lien in the proper records, etc. It was alleged that the property

in controversy was thus liable for the debts of the husband; that the lien be foreclosed against the same and the property ordered sold in satisfaction of the judgment, and that the lien on the one hundred and thirteen acres of land, alleged to have been fraudulently conveyed by the husband to the wife be likewise foreclosed, etc., and that the court appoint a receiver to collect certain rents on certain property therein described, which included the property upon which the execution had been levied and the sale of which was sought to be restrained and which entire property was alleged to have been rented and the rents of which could not be reached by garnishment process, because the same would necessitate a multitude of suits, vexatious litigation and costs that would greatly exceed the amount recovered, etc.   Prayer for relief including dissolution of the temporary injunction.

By supplemental petition appellees pleaded a misjoinder of causes of action, and especially excepted to certain allegations of the answer, general denial, and specially, in substance, that the property levied on was in fact the separate property of the wife and therefore not liable for the debts of the husband.   It appears that the defendant's exceptions to plaintiff's petition were overruled, to which action exceptions were reserved, and that the plea of misjoinder and special exceptions addressed to defendant's answer were sustained by the court, to which action exceptions were duly reserved.

A trial resulted in a verdict and judgment for plaintiff perpetuating the injunction.

*Opinion.*—The first assignment of error complains that the trial court erred in overruling the objection of defendant to the testimony of Minna Bisso that the property in question was paid for and improved with her separate funds.   The witness was asked if she remembered buying lots 1 and 2 in block 22 from the Texas Loan Agency.   She answered that she did.   The deed for this property was dated July 31, 1893, and was recorded the same day and recited that the consideration was $200 cash paid by Mrs. Minna Bisso, and two notes for $275, signed by Mrs. Bisso and her husband.   The deed recites that the property was sold to Mrs. Bisso for her own separate use and benefit, and further recites that the consideration herein is paid and to be paid out of the separate funds of the said Mrs. Minna Bisso and said premises are to be her separate property.   The witness testified that the notes were paid a few days afterwards.   She was then asked, "whose money paid those notes?"   This question was objected to.   The objection was overruled and the witness answered, "my money."   She further, in answer to the question as to whose money paid the $200, stated "mine."   She testified that she remembered buying lots 13 and 14 in block 247 from R. Freedman.   The deed to this property is dated July 12, 1897, and was recorded on July 14, 1897.   It recites a consideration of $1,600 to him in hand paid by Mrs. Minna Bisso.   The witness was asked whose money was that?   She answered "mine."   The objection to this evidence was that it was merely a conclusion and did not state any facts.

The issues in the case were directed at the ownership of lot No. 14 and the west half of lot No. 13 in block No. 247 of the Houston & Texas Central Railroad Addition to the city of Corsicana, and lots 1 and 2 in block No. 22, also of said Addition. Mrs. Bisso testified fully as to the character of her separate money and property used by her in the purchase of said lots. Her testimony was, in effect, that some twenty years ago she and her husband divided between them the property they had accumulated in the restaurant business; that at the time he wanted to go into the dry goods business to which she objected. She says, "I told him he could take his and put it in dry goods and I would invest mine in land." That in this division she got $3,200, and he a like amount. She invested in land, bought and sold land and invested her profits in other lands. She kept a separate account thereof in her own name and her deposits in the bank were in her own name. At the time they divided their property she owned their home. That about the time she purchased lots 1 and 2 in block 22, she owned a piece of property which was her separate estate, which she sold to Mack Reily, and with the proceeds she paid the two notes recited in her deed to said lots 1 and 2, block 22. That about the time she bought lot 14 and west half of lot 13 in block No. 247 from R. Freedman, she had sold some other property. She sold a tract of land for $1,300 or $1,400, and sold a road out of that to the county for $400. She says: "I paid Freedman with money I had on hand, the proceeds of my separate property."

R. Freedman testified: "I have known Bisso for over thirty years, and have known his wife nearly as long. For the last twenty-five years Bisso and myself have been very intimate, and I also got pretty well acquainted with Mrs. Bisso. Whenever they bought or sold a piece of property they always came to me and talked it over. Bisso had considerable difficulty in making himself understood, and he frequently got me to make his trades." He then testified to having advised Mrs. Bisso in reference to the purchase of the property herein involved; that Mrs. Bisso kept a separate account of her property and deposited her monies in the bank in her own name; that she checked it out by giving her own check and that when she paid the $200 mentioned in the deed to lots 1 and 2 in block 22, she gave her own check therefor and later gave her own check in payment of the notes described in said deed. The witness stated that he sold Mrs. Bisso lot 14 and the west half of 13, block 247, and she paid therefor by her own individual check. He further testified to Peter Bisso having given Mrs. Bisso several pieces of property, naming them, shortly after his marriage to her.

Peter Bisso testified: "I gave what was referred to as the Reily property to my wife, and made her a present of it about twenty years ago, making her a deed to it. The $200 she paid in cash to the Texas Loan Agency (for lots 1 and 2 in block 22) was her own separate money, I had no interest in it, that was a long time before I went into the beer business. Lot 14 and west half of lot 13 in block 247, bought by Mrs. Bisso from R. Freedman, is her own separate property, he made a deed to her, her money paid for

it, her separate individual money, I had no interest in it, she kept her money in the bank, she kept her own money to herself and I kept mine to myself." Mrs. Bisso originally sold lot 14 and west half of lot 13 to R. Freedman, and afterwards bought it back from Freedman, giving him $1,600. "I had given her all the money she had in the bank at the time these trades were made." Mrs. Bisso gave $1250 for the property sold Ferguson. "I made my wife a present of the electric light plant property and the lot she sold Freedman, also a lot on 11th Street, which I bought from Judge Frost. These gifts were made five or six years after I married, and I made deeds of gift to each." Mrs. Bisso gave Mr. Freedman $1,600 for lot 14 and west half of lot 13. Prior to that time she had sold it to Freedman for $1,400, and afterwards bought it back. She had this $1,400 at the time she re-purchased it from Freedman and paid $200 more than Freedman had paid her. "At the time I gave my wife these several pieces of property along in 1880, about the time I was married, I was solvent and all right and had other property at the time. I had plenty of money then; had plenty of money and plenty of property and did not owe anybody. At the time Freedman made the deed back to her in 1897, (to lot 14 and west half of lot 13) all the money Mrs. Bisso had to her credit at the bank was her own separate money. I never had any interest in any of the money she used in paying Freedman for that property."

There was no error in overruling the exception to the testimony of Mrs. Bisso. Her testimony, taken as a whole, tended to show that the property levied upon and described in her petition was her separate property and purchased with the proceeds received by her in the sale of other property belonging to her separate estate. Her own testimony, taken in connection with the testimony of the witness Freedman and her husband, Peter Bisso, fairly shows that the property described in the petition was purchased with the proceeds of property given to her by her husband shortly after their marriage, and the proceeds derived from property given her by her husband when they divided their property made in the restaurant business. At the time her husband made these gifts to her he was solvent and the debt of appellant was not created until many years thereafter.

This case is distinguishable from the case of Ballew v. Casey, 9 S. W., 189, cited and relied upon by appellant. In that case Mrs. Ballew refused to testify to the facts from which the law would determine whether the property was community or her separate property. In the case at bar Mrs. Bisso answered all questions asked her and seems to have been submitted to a rigid cross-examination.

Error is assigned to the court's action in overruling the defendant's special exception to the plaintiff's allegation that the property levied on was the separate property of Minna Bisso, without showing how and in what manner it became her separate property. The pleadings of plaintiff alleged that the property levied upon was the separate property of Mrs. Bisso and paid for by her out of her separate and individual funds. This was sufficient without al-

leging the facts which made it her separate property. Cabell v. Menczer, 35 S. W., 206.

It is contended that the court erred in sustaining the plea of misjoinder of causes of action, as set up in the answer wherein the defendant sought, in the event that the property levied upon should prove to be the separate property of plaintiff Minna Bisso, to subject other property held by the defendant to the judgment. Plaintiff's suit was for an injunction to prevent the sale of her separate property under levy of an execution against her husband. Defendant answered that the property levied upon was community property, but if mistaken, then it had a valid judgment against Peter Bisso, the husband, which it had caused to be abstracted and an abstract filed in Navarro County; that in April, 1898, it entered into business relations with Bisso, whereby credit should be extended by it to him in the purchase by him from it of beer in car-load lots, whereby there should be a continuing line of credit extended to Bisso; that accordingly during the years 1903 and 1904 he was enjoying a credit with it from $1200 to $1500. That in January, 1903, he purchased lot 3, block 106, in Railroad Addition to the city of Corsicana; that on January 28, 1903, he purchased about forty acres of land, duly described, etc.; that on January 24, 1903, he purchased several other tracts of land, duly described, containing in the aggregate seventy-three and one-half acres; all of these purchases were for cash, deeds being taken in the name of Peter Bisso, etc. That on November 25, 1903, he transferred, without being joined by his wife, the seventy-three and one-half acres to S. S. Johnston for $1000 cash and four vendor lien notes in the sum of $2250 each. That in the beginning of the year 1904 he contemplated retiring from business, being then indebted to the Brewing Company in a large sum, and with the fraudulent intent of hindering, etc., the Brewing Company, he, without a valuable consideration, on February 17, 1904, conveyed to his wife as her separate property lot 3 in block 106, etc.; that he caused the aforesaid Johnston to convey said property to his, Bisso's, wife, as her separate property, etc., with the fraudulent intent, etc., and the notes thus given by Johnston to Bisso were given up and surrendered when title passed to Bisso's wife, etc.; that at said time he was indebted to the Brewing Company and when he was contemplating buying more beer from said company and to continue buying on credit from it, etc.; thus he placed all his property beyond the reach of his creditors, etc.; that Bisso is now insolvent, and has no property subject to execution; that defendant had no knowledge, etc., of these manipulations on the part of Bisso.

By supplemental petition plaintiffs pleaded a misjoinder of causes of action, because it was sought to foreclose an "abstract" lien on four tracts of land entirely distinct from the property levied upon and the sale of which was sought to be enjoined. S. S. Johnston was not made a party to the suit. None of the persons claimed to have been parties to the several alleged fraudulent conveyances were made parties to the suit. All of the conveyances complained of were made before the creation of the Brewing Company's debt against

Peter Bisso, and had been recorded in the records of the county before the creation of said debt. There was no concealment and nothing secret about the transactions. The Brewing Company was in no sense a creditor of Bisso at the times of the different transactions complained of. The first item in the account sued upon in the suit of Texas Brewing Company v. Peter Bisso is dated August 8, 1904, and all dealings between the parties had prior to that date been paid in full. The court sustained plaintiffs' plea of misjoinder and confined the suit to the case as originally made by the pleadings. It was within the sound discretion of the trial judge, whether he would permit the joinder of causes of action by crossanswer, wherein it was sought to enforce new and additional rights, which might have complicated the issues in the main case. This discretion will not be revised on appeal, unless there has been a clear abuse thereof. No such abuse is here shown. Young v. Gray, 65 Texas, 99; Degress v. Hubbard, 2 Posey U. C., 735; Morris v. Wood, 1 W. & W., sec. 1311; Davis v. Dallas Nat. Bank, 7 Texas Civ. App., 41; Texas & Pac. Ry. v. Hays, 2 App. Civ. Cas., sec. 390. The suit was originally instituted by Mrs. Bisso to enjoin the sale of her individual property by virtue of the levy thereon of an execution against her husband, who was only a party *pro forma.* She was not a necessary or proper party to the cross-action against him to foreclose an abstract lien upon property alleged to have been fraudulently conveyed by him to defeat the payment of a judgment against him.

It is contended that the court erred in sustaining the plaintiff's special exception to so much of said answer as undertakes to have parts of the title to lots 1 and 2 of block 22 to the extent of $550, and to lots 1 and 2 of block 22, as last stated, to the further extent of $5,000; and to the further extent of $100 for the Cartwright title, declared community property. It is uncertain from the record whether this exception was sustained or not. If it was sustained, the ruling becomes immaterial, for the issue raised by this pleading was fully submitted to the jury in the charge of the court.

The evidence did not raise the issue embraced in special charges Nos. 1 and 3, requested by appellant, the refusal of which is complained of in the fifth and sixth assignments of error. Hence it was not error to refuse the same.

It is contended that the court erred in overruling and in not granting appellant's motion for new trial for the reasons: (1) that the evidence was not sufficient to sustain the verdict finding that the improvements on lots 1 and 2, block 22 were made with the separate funds of the wife; (2) that the evidence was insufficient to sustain the verdict that lot 14 and west half of lot 13, block 247 were the separate property of Minna Bisso at the time the appellant's rights were fixed on said property. The evidence was sufficient to support the verdict in each of the findings complained of and the motion for new trial was properly overruled.

It is assigned as fundamental error that the court had not the power to grant the injunction restraining the sale of lots 1 and 2,

block 22 for the reason that the undisputed evidence showed that the record title was in Mrs. Bisso as her separate property and estate, the consideration, as apparent in the recorded deed, having been paid and was to be paid out of her separate estate. The suit was brought to enjoin the sale of lots 1 and 2, block 22 and lot 14 and west half of lot 13, block 247, and a temporary writ of injunction was issued. Appellant filed a motion to dissolve the temporary injunction, but it was not presented to nor acted upon by the court.

At the time of the trial the temporary injunction had served ·its purpose, and the real issues were whether the property levied upon was her separate property, or belonged to the community. We do not think it can be said that the judgment perpetuating the injunction, if error, constitutes fundamental error. Again, the execution was levied by appellant upon two distinct parcels of land. the deed from Freedman to Mrs. Bisso to lot 14 and west half of lot 13 did not by its terms vest the title in the separate use of Mrs. Bisso, and the court so instructed the jury. While the deed from the Texas Loan Agency vested the title to lots 1 and 2 in Mrs. Bisso, it does not recite with certainty that the consideration was paid out of the separate funds of Mrs. Bisso. The two notes given for deferred payments of part of the purchase money were signed jointly by Mrs. Bisso and her husband, and it was claimed by appellant that as a matter of fact these payments were made with community funds, and it sought thereby to impress the lots as community property and the court so charged. It is further claimed by appellant that in 1901 or 1902 $4,000 of community money was used to erect a brick building on these lots, and that to this extent the property was community property and was subject to the debts of Peter Bisso, and the court so charged. The charge states appellant's contention thus: "that lots 1 and 2, in block 22 is partly her separate estate and partly community of P. & M. Bisso in the proportion of $200 and $500, and that improvements were made on said lots 1 and 2 out of community funds to the extent of $5000," and they were instructed that if they found "that all or any part of the property is community estate of Peter and Minna Bisso, you will so say, designate it, whether all or part, specifying the part, or interest, that is community property."

In this condition of the record there was no error in perpetuating the injunction to the sale of lots 1 and 2 in block 22. It is clear that injunction will lie · to prevent a cloud upon title, by sale of property under execution, in behalf of the wife, when the evidence upon which her right depends is not of record nor shown in the title papers upon which her right is predicated. In our opinion the trial court had the power, under the facts shown, to perpetuate the injunction as to lots 1 and 2, in block 22.

Finding no error in the record the judgment is affirmed.

### ON MOTION FOR REHEARING.

In the motion for rehearing our attention is called to evidence

showing that Johnston conveyed three tracts of land deeded to him by Bisso and wife to Mrs. Bisso in May, 1904. This being so, the statement in our opinion, that "she was not a necessary or proper party to the cross-action against him to foreclose an abstract lien upon property alleged to have been fraudulently conveyed by him to defeat the payment of a judgment against him" is not correct as applied to the facts. In such case she would be a necessary party. This does not affect the result of the case. We hold the trial court did not abuse his discretion in refusing to permit the joinder of the matters set up by the Brewing Company in its cross-answer. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.