**TOMERLIN et al. v. KRAUSE. (No. 6946.)\***

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1925. Rehearing Denied Jan. 6, 1926.)

**I. Judgment ⬅⟶243—Plaintiff cannot have judgment against one he has not made party.**

A judgment cannot be rendered in favor of plaintiff against one whom he has not made a party defendant.

**2. Contribution ⬅⟶5—Indemnity ⬅⟶13(2)—Perpetrator of fraud not entitled to contribution or indemnity from joint tort-feasor.**

Named defendants, shown to have perpetrated fraud and deceit through duly authorized agents, are not entitled to contribution or indemnity from joint tort-feasor.

**3. Contribution ⬅⟶5—Indemnity ⬅⟶13(2)—Agents acting in representative capacity not entitled to contribution or indemnity from principal for unlawful or fraudulent acts.**

Officers and agents of unincorporated banking association, themselves liable for unlawful or fraudulent acts, though performed in representative capacity, *held* not entitled to contribution or indemnity from the bank.

**4. Judgment ⬅⟶256(5)—Against three defendants remaining not objectionable as being not in accordance with verdict against all defendants.**

Where court directed verdict against the three defendants who were only defendants in suit at time, judgment against those defendants *held* not objectionable on ground that it was not in accordance with verdict which recited that jury found for the plaintiff against all defendants.

**5. Appeal and error ⬅⟶1073(1)—Findings of court immaterial, where directed verdict is required.**

Where court correctly instructs the jury to find verdict for one of parties, it is immaterial what facts court may find in its judgment.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Action by C. Krause against Bee Tomerlin and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. S. Anthony and J. G. Griner, both of San Antonio, for appellants.

Henne & Fuchs, of New Braunfels, for appellee.

McCLENDON, C. J. Appellants failed to file their briefs in this cause within 20 days prior to the submission, and, as no reasonable excuse for such failure was shown, the briefs were stricken out upon motion by appellee. Appellants insist, however, that the case presents fundamental error, and we have therefore examined the record. We have reached the conclusion that no error, fundamental or otherwise, is disclosed, and for that reason the trial court's judgment should be affirmed. The suit was one in tort for fraud and deceit in connection with the sale of stock in an unincorporated association known as the "United States Trust & Savings Bank, Unincorporated, of San Antonio, Tex.," which we will refer to as the savings bank.

The original plaintiffs were appellee, C. Krause, and a number of others, but the court sustained a plea of misjoinder of parties plaintiff and causes of action, whereupon each plaintiff, except appellee, took a nonsuit, and the action was prosecuted by appellee alone. The original defendants were Eduard Mattison and appellants Bee Tomerlin and W. B. Mitchell, and a number of others, who were voluntarily dismissed from the cause. The three defendants named, in addition to defensive pleadings, filed a cross-action against plaintiff, and also interpleaded the savings bank, asking judgment over against it in case plaintiff recovered against them. The judgment recites that upon conclusion of the evidence the court directed a verdict in favor of the plaintiff "against the defendants Eduard Mattison, Bee Tomerlin, W. B. Mitchell, whereupon the jury returned in open court the following verdict (formal parts omitted): We, the jury, find for plaintiff, C. Krause, against all defendants for the sum of $3,000."

Four assignments of error are presented complaining of the court's action in the following respects: (1) In declining to instruct a verdict for defendants; (2) in instructing a verdict for plaintiff; (3) in finding any facts in the judgment other than those contained in the verdict; and (4) in entering judgment for plaintiff because not based on the verdict as rendered and "contradictory to the verdict."

But two propositions are urged in support of these assignments as follows:

"(1) The certificate of stock issued to the plaintiff in this case showed on its face that it was purchased from the United States Trust & Savings Bank, Unincorporated, of San Antonio, Tex., and not from the New Braunfels branch of such bank, and that the said United States Trust & Savings Bank, Unincorporated, of San Antonio, Tex., was, and is at the time of this trial, in a solvent condition, and able to pay

———

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction February 24, 1926.

all its debts, and that the said plaintiff had made no effort to collect the same, and it was fundamental error for the court to render judgment against these defendants and not against the United States Trust & Savings Bank, Unincorporated."

"(2) It is fundamental error for the court to find any facts other than those contained in the verdict."

It may be well to make a brief statement of the case in order to get a fair conception of the contentions which appellants make. As stated, the suit was one in tort for deceit and fraud in the sale of stock in the unincorporated concern. Appellee alleged that the three defendants named were partners, and were managing officers of the concern, and in the alternative that they acted as principals. There was no denial under oath of the partnership. The savings bank was a joint-stock association, purporting to operate under the Massachusetts trust plan, exempting liability of its certificate holders. Under the recent decision in Thompson v. Schmitt (Tex. Sup.) 274 S. W. 554, and companion cases following it, there is no doubt in our mind that the concern was a partnership. But we find it unnecessary to go into this question, as plaintiff's petition alleged partnership, and there was no sworn denial as required by statute. In any event, the three defendants against whom judgment was rendered were the acting principals in directing the affairs of the concern, and the false representations relied upon were shown by uncontradicted testimony to have been made by their agent with full authority. The representations of fraud relied upon were, in substance, that the concern was amply solvent; that all its depositors were secured by a guaranty bond executed by Lloyd's Insurance of London, England; and that the concern expected to and would place a branch bank at New Braunfels. The uncontradicted evidence was that these representations were absolutely false, and necessarily known to be false by the defendants. The concern was, as testified to without contradiction, hopelessly and "recklessly" insolvent at the time the contracts for the certificates were made, and was thrown into the hands of a receiver within a very short time thereafter. In the receivership it was reorganized under an order of court; new parties took over the old concern; and the old stock certificates were wiped out and were not recognized in the reorganization.

[1-3] The contention that it was fundamental error or any error at all to render judgment against the appellants without rendering judgment against the savings bank, in our judgment, has no merit whatever. The savings bank was not made a party defendant by the plaintiff; and consequently no judgment could have been rendered against it in favor of plaintiff. The only judgment which the court in any event had power to

render against it was upon the cross-action of defendants. Such judgment would have been improper for two reasons. In the first place, the suit was one in tort for damages for fraud and deceit alleged and shown to have been perpetrated by the named defendants through their duly authorized agents, and clearly such defendants would not be entitled to contribution or indemnity from a joint tort-feasor, if in fact the bank were such. But the bank was in no sense a joint tort-feasor with the defendants. It was liable, if at all, because it was bound by the acts of defendants themselves, and, these acts being unlawful or fraudulent, the fact that defendants may have acted in a representative capacity would not entitle them either to contribution or indemnity from their principal. These are elementary propositions, and need no authority to support them.

In the second place there could be no judgment over against the bank, for the reason that the concern as it then existed was an entirely different concern from that which received plaintiff's money; and the concern from which appellants sought recovery over was in no sense liable for money paid and received, or for any acts of the prior concern.

[4] There is no merit in the assignment that the judgment is not in accordance with the verdict on the ground that the latter finds against all defendants, and the judgment was only against the three defendants named. The judgment recites that the court instructed the jury to return a verdict against the three defendants named; whereupon the jury returned a verdict against all defendants. The only defendants in the suit at the time the judgment was rendered were these three defendants. The bank was never made a defendant in the case, but was interpleaded by the defendants themselves. The judgment also shows on its face that the court found there was no liability on defendants' cross-action, and it was thereupon dismissed by the court. The court properly rendered judgment against the three defendants remaining in the suit after all others were dismissed, and the fact that they were not specifically named in the verdict is immaterial. They certainly were embraced within the description "all defendants."

[5] There is no merit in the contention that it was fundamental error for the court to make findings inconsistent with the verdict. In a case in which the court peremptorily instructs a verdict for either party the findings of the court become immaterial, because the court is passing upon the case purely as a matter of law. If there is any issuable fact to go to the jury, the action of the court in giving a peremptory instruction is error, regardless of what the court may or may not find regarding the facts. On the other hand, if the court's action in peremptorily instructing the jury is correct, it necessarily follows that the judgment which the court

renders upon such verdict is the only judgment which the evidence will support. In such event it is immaterial what facts the court may find. As stated above, the evidence without contradiction shows all essential elements to support the judgment, and for this reason it was immaterial what the court's findings in its judgment were.

For the reason that we find no error in the trial court's judgment, it is affirmed.

Affirmed.