## TOMERLIN et al. v. MITTENDORF.
### (No. 7011.)

(Court of Civil Appeals of Texas. Austin. June 23, 1926.)

**1. Courts ☜121(4).**

One having claim in tort too small to be within jurisdiction of district court may add claims in tort assigned to him, arising from separate transactions and each constituting a cause of action, to make up necessary amount.

**2. Assignments ☜24(3).**

Claims arising from sale of bank stock induced by fraud *held* assignable, and assignments in good faith for valuable consideration *held* not subject to attack by defendants.

**3. Appeal and error ☜1039(3).**

Trial court's action on joinder of several claims in one suit will not be reviewed on appeal, in absence of manifest injury.

**4. Action ☜50(6)—Permitting joinder of several claims arising from sales of bank stock, induced by substantially same fraudulent representations, held not error, in absence of showing of injury (9 Gammel's Laws, p. 330; Rev. St. 1925, art. 2160).**

District court's permitting joinder of several claims assigned to one person arising from sales of bank stock to different persons, induced by substantially same fraudulent representations that branch bank would be established at purchaser's city, etc., where separate suits, save two, would have been brought in district court, under 9 Gammel's Laws, p. 330, and Rev. St. 1925, art. 2160, *held* not error, in absence of showing of injury, and in view of law's abhorrence of multiplicity of suits.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Suit by Herman Mittendorf against Bee Tomerlin and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. S. Anthony and J. G. Griner, both of San Antonio, for appellants.

Henne & Fuchs, of New Braunfels, for appellee.

BAUGH, J. This is a companion case to the case of Tomerlin et al. v. Krause, decided by this court on November 6, 1925, and reported in 278 S. W. 501. With one exception, the issues are substantially the same as in that case, and the facts are substantially the same. Appellee, Mittendorf, sued on his own claim of $200, and as assignee of 12 other claims, aggregating $4,400. He alleged, as the basis of his suit, fraud by appellants and their agents in the sale to him and to his assignors of stock in the "United States Trust & Savings Bank, Unincorporated, of San Antonio, Texas." It is uncontroverted that substantially the same false representations were made to each and all of said subscribers for stock, and that same induced them to buy the stock, though the sale to each of them was a separate and distinct transaction. The false representations common to most, if not all, sales were that said Trust & Savings Bank was solvent, that its depositors were protected by a guaranty bond executed by one of the largest insurance concerns in the world, Lloyd's of London, England, and that a branch bank would be established at New Braunfels, where the purchasers resided. All of these representations were untrue, and the stock purchased was worthless. At the close of the evidence the court instructed a verdict for plaintiff.

[1] We refer to the case of Tomerlin et al. v. Krause, supra, for further statement and discussion of the chief issues raised, except as to the additional contention herein made, and above referred to. This contention is that appellee's claim, being for only $200, was not within the jurisdiction of the district court, and that the claims of his 12 assignors, which varied in amounts from $100 to $500 each, sounded in tort, and each arose from a separate and distinct transaction, constituted a separate cause of action, and could not be joined in one suit. Appellants have cited us to no authority sustaining their proposition. After a careful investigation, we have concluded that this contention cannot be sustained.

[2] Though the various claims or choses in action arose from fraud, they were assignable and appellants cannot attack such assignment, if made in good faith and for a valuable consideration. This they do not undertake to do. See 5 C. J. 891; G. H. & S. A. Ry. Co. v. Freeman, 57 Tex. 156; Chapa v. Compton (Tex. Civ. App.) 147 S. W. 1175; McCloskey v. San Antonio Traction Co. (Tex. Civ. App.) 192 S. W. 1119, and authorities there cited.

[3] There is no doubt but that appellee's assignors could have filed separate suits on their respective claims. If they had, two of them, being for $100 each, must have been filed in the justice court. The county court of

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Comal county, however, has no civil jurisdiction except probate. Act March 16, 1883; 9 Gammel's Laws of Texas, p. 330. All the other suits would therefore have been filed in the district court. We are of the opinion that, had appellee filed such suits separately, the district court had the discretion, under article 2182, R. S. 1911 (article 2160, R. S. 1925), to have consolidated such suits. If the court could have consolidated them, certainly there was no error in joining all of them in a single suit. Such matters are vested largely in the discretion of the trial court, and will not be reviewed on appeal, unless there has been manifest injury. Pena v. Baker (Tex. Civ. App.) 207 S. W. 426; Bain v. Coats (Tex. Civ. App.) 228 S. W. 571; Stewart v. Poinbœuf, (Tex. Civ. App.) 270 S. W. 885. No injury whatever is shown by appellants in the instant case.

[4] Though the claims assigned to appellee in this case grew out of separate transactions between appellants and the assignors, there was nevertheless a common element relating to all. Substantially the same material false representations were made to each, and induced the purchase of stock by each. Each subscriber purchased on condition, and with the understanding that a branch bank was to be established at New Braunfels. Hence such claims were to that extent all parts of the same transaction. In view of these common elements, the law's abhorrence of a multiplicity of suits, and the failure of appellants to show that any injury was done them by joining said claims in a single suit, we think the trial court did not err in permitting appellee to do so. 1 C. J. 1074, 1096; Texas Brewing Co. v. Bisso, 50 Tex. Civ. App. 119, 109 S. W. 270; Benedict v. Guardian Trust Co., 58 App. Div. 302, 68 N. Y. S. 1082. The case last cited is practically on all fours with the case at bar.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.