## REYNOLDS v. GROVEY.

### No. 10309.

Court of Civil Appeals of Texas. Galveston.

Dec. 10, 1936.

Rehearing Denied Jan. 7, 1937.

Harvey T. Fleming, of Houston, for appellant.

Albert B. Hall and Richard L. Hughston, both of Dallas, for appellee.

GRAVES, Justice.

This quotation from the judgment of the learned trial court constitutes an admirable statement of the nature of this cause and of the result of its trial there:

"On this the 18th day of December, A. D. 1934, came on to be heard on appeal from the County Court of Harris County, Texas, the bill of review filed in the County Court of Harris County, Texas, on March 26, 1934, by J. W. Reynolds as guardian of person and estate of Robert C. Grovey, N. C. M., whereby certain annual accounts of B. F. Grovey, former guardian of person and estate of R. C. Grovey, N. C. M., were alleged to be in error and to be subject to surcharges therein set forth; and also came on to be heard the amended final account of the said B. F. Grovey as guardian of the person and estate of Robert C. Grovey, N. C. M., filed herein on December 17, 1934, and the amended exceptions thereto filed herein by J. W. Reynolds as Guardian of Robert C. Grovey, N. C. M., on December 17, 1934; and came J. W. Reynolds, by his Attorney,

and R. F. Grovey in person and his attorney; and the matters of fact and law being submitted to the Court and the Court having heard the bill of review and the amended final account and the amended exception thereto and the evidence in support of and against said bill of review and amended final account, is of the opinion that no errors are shown in the accounts of the said B. F. Grovey, save and except that the Court finds that the said B. F. Grovey as guardian of Robert C. Grovey, N. C. M., received of and from the United States Veterans' Administration a check for the sum of $22.00, dated March 12, 1925, for which the said B. F. Grovey made no return or accounting to the County Court as required by law; and that the said B. F. Grovey in his capacity as guardian for the said ward reported in his 3rd annual account on July 23, 1926, court costs paid as of August 7, 1925, in the sum of $28.85, which said court costs were in fact not paid by the said guardian as reported; and that B. F. Grovey in his capacity as guardian for said ward charged against and received from the estate of his ward the sum of $131.76 as commissions due him on monies received from the United States Veterans' Administration, which said commissions should not have been charged against or paid by the said estate to the said guardian; and that the said annual accounts filed by the said B. F. Grovey should be revised and sur-charged as to show the true condition of the said estate by debiting the said amount of $22.00 to the second annual account filed by B. F. Grovey on May 26, 1925, and by debiting to the various accounts filed by said B. F. Grovey an amount equal to any and all commissions or monies received from the U. S. Veterans' Administration collected from and charged to the said estate, and by debiting to the third annual account filed on July 23, 1935, the amount of $28.85; and that the said B. F. Grovey is indebted to the said estate in the sum of $182.61.

"It is accordingly ordered, adjudged, and decreed by the Court that the said annual accounts and matters with reference to which errors were charged by said bill of review, be and the same are hereby in all respects confirmed, save and except that said accounts be surcharged and revised to the extent of the above described three items.

"It is further ordered and decreed by the Court that the amended final account of said B. F. Grovey as guardian of the person and estate of Robert C. Grovey, N. C. M., filed herein on December 17, 1934, be and the same is hereby in all respects approved and settled, save and except that the same shall be and is hereby revised and restated so that no commissions shall be allowed the guardian on any amounts received from the United States Veterans' Administration, and that the said account as revised and restated be placed on record."

 In this court appellant inveighs against that determination upon the same contentions as were made below, but on a careful examination of the record it is decided that the appeal should not prevail; it will be noted that the proceeding is one in the nature of a bill of review, first filed in the county court, thence appealed to the district court, and finally brought here after judgments adverse to the present guardian in both the trial courts; that in neither of them was it found that the appellee as prior guardian had been guilty either of bad faith or of gross or inexcusable negligence, in any of such remissness as those courts found him subject to—indeed, the record of his entire conduct of the estate fails to disclose any evidence that he was guilty of any dereliction that went to the extent either of constituting bad faith or showing that he had not received and expended the funds as shown by his annual reports, other than the $182.61 so surcharged against him; wherefore, under our authorities, there was neither reversible error in the trial court's refusal to penalize him because he claimed (presumably, at least, in good faith) and was allowed commissions on payments received for his ward from the United States Veterans' Association, which the court held he had not been entitled to—it appearing that he was an unlearned negro who had relied upon the advice of his attorney—nor in refusing to disapprove his annual reports merely because there were no vouchers filed with them to support many of the disbursments therein shown; among the authorities supporting these conclusions are: Moroney v. Moroney (Tex.Com.App.) 286 S.W. 167; R.S. art. 4328; Young v. Gray, 65 Tex. 99; Jones v. Parker, 67 Tex. 76, 3 S.W. 222; Oldham v. Brooks (Tex.Civ. App.) 25 S.W. 648; Stillwell v. Standard S. & L. Ass'n (Tex.Civ.App.) 30 S.W.(2d) 690; R.S. art. 4226.

In other words, under these decisions and statutory provisions, it was necessary as

to the inadvertent though unjustified charging of commissions on the collections from the Veterans' Association that bad faith be shown, which the evidence failed to do; while as to the receipts and disbursements shown in the annual reports it was requisite that substantial errors, not the mere absence of supporting vouchers for all items, be specifically alleged and proved, which was not done; as to the absence of such supporting vouchers, our statute on the subject, cited article 4226, unlike the statute of Kentucky, upon which the appellant relies on this feature of the cause, expressly provides that: "The guardian must produce and file proper vouchers for each item of credit claimed by him in his account, or support the same by *satisfactory evidence*," the italics being added here.

The also cited cases of Jones v. Parker and Young v. Gray are to the same purport as the italicized portion of our statute; furthermore, as before indicated, in the absence of anything to the contrary in the evidence here, it is conclusively to be presumed that the court did its duty in approving these accounts, and that in so doing it acted upon sufficient evidence.

 Nor is appellant's contention that the guardian's claim to not having received any interest upon the $1,900 of the ward's funds loaned by him to J. C. Whittington borne out by the record; upon the contrary, the appellee himself, who was the only witness in the case testified upon that point as follows: "I was guardian for Ruby Lee Grovey at the same time I was guardian for Robert C. Grovey, and, in all, $2,500 was loaned on the 2.45 acres of land out of the J. S. Black Survey to J. C. Whittington, $600 thereof belonging to the estate of Ruby Lee Grovey and $1900 thereof belonging to the estate of Robert C. Grovey. The $600 due the Ruby Lee Grovey estate was paid, but no part of the principal and interest of the $1900 due the Robert C. Grovey estate was paid. I never at any time collected any interest on the $1900 loan, and neither Mr. Roberts nor anyone else collected any such interest for me, so far as I know."

This alone was sufficient testimony in that connection, especially as there is nothing to the contrary, and particularly no testimony by the maker of the note that he had paid the interest called for therein.

Without descending further into details it is concluded that none of the complaints made against the judgment point out reversible error, wherefore an affirmance should be ordered.

Affirmed.