PANHANDLE CONST. CO. v. HOOD et al.

No. 8609.

Court of Civil Appeals of Texas. Austin.

March 9, 1938.

Rehearing Denied March 23, 1938.

Robert A. Sowder, of Lubbock, for appellant.

Upton, Upton & Baker, of San Angelo, for appellees.

McCLENDON, Chief Justice.

The controlling question in this case is the sufficiency to toll the statute of limitations of certain letters passing between appellant and appellees.

The suit was for a balance due upon a paving certificate and to foreclose a paving and mechanic's lien securing it. The trial was to the court without a jury, and the judgment was in favor of defendants, predicated upon sustaining a plea of limitation.

The certificate matured February 22, 1932, and was therefore barred by the four-year statute of limitations February 22, 1936. Rev.St.1925, art. 5527. The suit was filed February 29, 1936. The correspondence relied upon to toll the statute consisted of the following five letters:

September 26, 1935, appellant wrote from Lubbock to appellee E. R. Hood at San Angelo:

"Demand is hereby made for the payment of $144.65 interest and principal due on your paving assessment on Magdalene Street, San Angelo, Texas.

"Suit will be filed in Lubbock, Texas, on this account on Saturday, October 5th."

Hood replied September, 1935 (day not given): "Wrote your Dept. some three or four years ago when I sent 'you my last check and told them that Mrs. Hood and I were divorced and she owned the property. So you hold the suit off and write Mrs. Lula Hood at 17 N. Magdalene. Am sure she will attend to it promptly."

October 5, 1935, appellant wrote Mrs. Hood:

"Many years ago there was paving abutting property on this street charged to you and Mr. E. R. Hood, on which there is a balance of $144.65 past due; Mr. Hood advises you now own the property, and that you are the proper person to pay this.

"Therefore, please let us have your check without delay for this amount, that your property may be cleared. Make the check payable to Panhandle Construction Company."

Mrs. Hood replied October 15, 1935:

"Your letter received and contents noted. I was surely surprised to learn there was a debt of this kind existing.

"When I bought the place four (4) years ago, it was my understanding that it was entirely clear. I don't understand why this was not paid when due.

"Kindly advise me of the facts, as I have thought that my place was clear of all indebtedness."

To which appellant replied October 25, 1935:

"The property in question is the south 47-1/2 feet of south half of Lot 10, Block 22; there was given a mechanic's lien on March 30, 1926, which is of record in Vol. 8, p. 318 M/L Records, Tom Green County. The paving was accepted as being according to contract on February 22, 1927; the total assessed and contract cost was $259.-94 at 8% annual interest from acceptance date.

"The following payments, including interest, have been made:

February 22, 1927, $ 43.36
March 6, 1929, 30.32
February 24, 1930, 25.00
February 20, 1931, 116.58

"The entire balance is as stated, and all past due.

"We will be pleased to have immediate attention."

Mr. and Mrs. Hood were divorced February 16, 1931.

Appellant's attorney, who conducted the correspondence for appellant, testified in substance that he relied upon this correspondence as indicating that Mr. and Mrs.

Hood were trying to arrive at some adjustment of the matter, and for that reason he did not file the suit prior to the completion of the limitation period.

Appellant's contention that the statute was tolled as a result of this correspondence and the reliance its attorney placed thereon is stated substantially in the following proposition quoted from its brief: "The evidence conclusively showing the plaintiff relied on the course of correspondence and dealing between it and the defendants, in which defendants requested time, the plaintiff believing defendants were in good faith, the trial court erred in finding plaintiff did not rely on such matter, and the Court's finding is wholly without evidence to support it.

Appellant further contends that it was entitled in any event to a personal judgment against Hood, predicated upon his request for delay in filing suit.

■ It is now well established that parties may by their words or conduct estop themselves from pleading limitation. See 28 Tex.Jur. p. 246, § 149; 17 R.C.L. p. 884, § 234; 37 C.J. p. 725, § 44.

■ It is equally well settled that: "Although a request not to sue may when coupled with other circumstances preclude a party from availing himself of the statute, yet it seems to be generally held that a mere request by the defendant not to sue, without any contract, promise to pay, or agreement not to plead the statute, will not prevent him from taking advantage of the defense thus afforded." 17 R.C.L. pp. 883, 884.

The only request not to sue was that contained in Mr. Hood's letter, which was in reply to one stating that suit would be filed in Lubbock on October 5th (just ten days off). This request was in connection with his statement that Mrs. Hood owned the property, and she should be written to: "So you hold the suit off and write Mrs. Lula Hood." Clearly, there was no request to delay suit longer than necessary to take the matter up with Mrs. Hood who then owned the property. Mr. Hood at this point entirely passes out of the picture and Mrs. Hood alone is negotiated with from then on.

A letter was addressed to her; she replied that she understood the property was clear, and asked for the facts. This request was complied with nine days later. This terminated the correspondence and all negotiations between the parties (October 25, 1935) nearly four months before the certificate would become barred (February 22, 1936).

The record discloses no misstatement or misrepresentation of fact, no suggestion of fraud, no element of estoppel, but only, at the most, a request on the part of Mrs. Hood's former husband that suit be delayed pending communicating with her.

■ We cannot give the correspondence a construction which would support a plea of estoppel, or which would afford legal justification for appellant's delaying suit beyond the statutory period of limitation. As stated in Neal v. Pickett, Tex.Com.App., 280 S.W. 748, 753: "One claiming suspended operation of the statutes of limitation, or estoppel against their apparent effect, must have not ignored the requirements of due care and blindly relied upon a situation as being what it seemed rather than as being what it in reality was."

■ Appellant complains of some inaccuracies in the trial court's findings of fact. Since we are holding that the evidence as a matter of law was insufficient to toll the statute, the court's findings become immaterial. Tomerlin v. Krause, Tex.Civ.App., 278 S.W. 501, error dismissed.

The trial court's judgment is affirmed.

Affirmed.