# MARCH, 1942

GUINN WILLIAMS V. M. J. R. JACKSON, CHIEF JUSTICE, ET AL.

No. 7915. Decided December 31, 1941.
Rehearing overruled March 4, 1942.
(159 S. W., 2d Series, 99.)

*Hughes, Hardeman & Wilson,* of San Angelo, for relator.

*W. T. Link* and *J. R. Porter,* both of Clarendon, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a petition for a writ of mandamus directing Dennis P. Ratliff, as district judge of Kent County, to proceed to judgment closing a receivership in which relator is receiver and taxing the costs therein, and for a writ of prohibition restraining the Court of Civil Appeals at Amarillo from interfering with the entry of such judgment.

The pleadings disclose that the controversy involves the estate of James E. Kuteman, who died intestate July 18, 1938, a resident of Donley County, leaving as his only heirs his mother, Mrs. Nellie Kuteman, and his sister, Mrs. Beatrice K. Stone, both respondents herein. His estate consisted of a considerable amount of land in Kent, Nolan, Clay, and Montague Counties. On the 1st day of August, 1938, Mrs. Kuteman was appointed administratrix of his estate by the probate court of Donley County. On March 11, 1940, Jerome S. Stone, on behalf of his wife, Mrs. Beatrice K. Stone, filed suit against Mrs. Kuteman in the district court of Kent County to enforce a written contract entered into by the Stones and Mrs. Kuteman on October 31, 1938, providing that the estate should be kept intact for a period of two years. He alleged that Mrs. Kuteman was violating the contract by wasting the property of the estate and by attempting to dispose of some of the land, and prayed that a receiver be appointed to take possession of the estate. The district judge heard testimony in vacation and granted the receivership. He appointed Guinn Williams, the present relator, as receiver and authorized him to take possession of the estate, with full powers of management and operation. On May 3, 1940, Mrs. Kuteman filed a plea to the jurisdiction in the receivership suit and moved to vacate the receivership on the ground that the probate court of Donley County, where the administration was pending, had exclusive jurisdiction of the estate. This plea was overruled by the district judge, and Mrs. Kuteman appealed to the Court of Civil Appeals at Amarillo. That court reversed the order of the district judge and dissolved the receivership on the ground that the probate court of Donley County had exclusive jurisdiction of the estate, and that as a consequence the order of the district court appointing a receiver was void. The court also held that the contract of October 31, 1938, did not oust the probate court of jurisdiction and was not binding upon the estate, although Mrs.

Kuteman may have incurred some personal liability for its breach. Kuteman v. Stone, 150 S. W. (2d) 102.

Thereafter, at the September term of the District Court of Kent County the receiver presented his report and account for final settlement, in which he showed that he had taken possession of the estate and managed it advantageously. He prayed that he be allowed $5,000.00 as receiver's commission and that his attorney be allowed $3,500.00 as attorney's fee, in addition to the $1,500.00 which had previously been allowed to each of them, that these sums and all other expenses be taxed as costs against the estate, that he be discharged as receiver, and that the estate be finally closed. The district judge took the case under advisement, and before he announced any decision Mrs. Kuteman applied to the Court of Civil Appeals for a writ of prohibition restraining the district judge from taxing the estate with any of the costs of the receivership. On October 6, 1941, the Court of Civil Appeals held that the district court was "without power or authority to subject any portion of the Kuteman estate or its property or money to the payment of receiver's fees, attorney's fees, court costs, expenses or any other item or charge." The court said that when it dissolved the receivership on March 17, 1941, "the proper final order for the court below to have entered at the ensuing term was an order discharging the receiver upon proper account filed by him and taxing the costs of the entire proceeding up to that time against the plaintiff in that case, Jerome S. Stone." Thereupon the Court of Civil Appeals issued a writ of prohibition, by which it was provided that plaintiffs and the trial court were "prohibited and enjoined from assessing, by order, judgment or decree any sum or sums as receiver's commissions, attorney's fees, court costs, or incidental expenses of any kind against the estate of James E. Kuteman, deceased, or against Nellie Kuteman, and from creating any lien, charge or encumbrance upon any of the property of such estate or of Nellie Kuteman, the relator, to secure the payment thereof, or of any other charge against the same." See Kuteman v. Ratliff, 154 S. W. (2d) 864.

As a result of this writ of prohibition, the district judge has taken no further action, and the receiver, Guinn Williams, has applied to this Court for a writ of mandamus directing the district court to proceed to final judgment closing the estate and taxing the costs, and for a writ of prohibition restraining the Court of Civil Appeals from interfering with the district court. It is the contention of the relator that the trial court

should not be interfered with by the Court of Civil Appeals, but that it should be free to tax the costs as, in its judgment, the law and the facts require, regardless of any prior decision by the Court of Civil Appeals in the receivership proceedings.

■ We are of the opinion that the Court of Civil Appeals was within its rights in issuing the writ of prohibition as it did. That court, in the appeal from the order appointing the receiver, found that the administration of James E. Kuteman's estate was still pending in the probate court of Donley County at the time the District Court of Kent County undertook to take charge of said estate through the receivership proceedings, and that by reason thereof said district court was without jurisdiction over said estate. Kuteman v. Stone, 150 S. W. (2d) 102. Being an appeal from an interlocutory order, from which no further appeal would lie, said judgment became final. Art. 1821, Sec. 5, Vernon's Annotated Civil Statutes. It appears, therefore, that the Court of Civil Appeals has heretofore finally determined that the trial court was wholly without jurisdiction over said estate. Being without jurisdiction over said estate, the trial court had no authority to tax the costs of the receivership, or to fix any other charge, against said estate.

■ There are authorities which declare that it is not within the province of an appellate court to pass upon the merits of an action on an appeal of an interlocutory order, nor to consider any matters which do not relate to the propriety of the order appealed from. Ripy v. Redwater Lumber Co., 48 Texas Civ. App. 311, 106 S. W. 474; Cotton v. Rand, 92 S. W. 266; 3 Tex. Jur. 1019. We do not believe, however, that the rule above referred to is applicable to the situation here under consideration. In this case there was a separate, solemn, and deliberate trial of the issue of the plaintiff's right to have a receiver appointed to take charge of the estate in question. Such an issue is usually, if not always, tried out in a preliminary hearing and not upon a trial on the merits. Although the order entered therein was an interlocutory order, the parties were afforded a right to prosecute a separate appeal therefrom. That right was exercised by the defendant, and on appeal the Court of Civil Appeals entered judgment denying the right of the trial court to appoint a receiver to take charge of the estate. Under these circumstances, the judgment of the Court of Civil Appeals denying the right to the appointment of a receiver became res judicata of that question in the same or in any subsequent suit involving the same subject matter. 26 Tex. Jur.

82; Old v. Clark, 271 S. W. 183; Hewitt v. De Leon, 5 S. W. (2d) 236; H. H. Watson Co. v. Cobb Grain Co. (Com. App.), 292 S. W. 174; Royal Petroleum Corp. v. McCallum, 134 Texas 543, 135 S. W. (2d) 958, par. 4. The order appointing the receiver was attacked on appeal, on the ground that the trial court was without jurisdiction over the subject matter, and that its order in that respect was absolutely void. The determination of the question of the jurisdiction of the trial court was a matter that related to the propriety of the receivership order. It was necessary for the Court of Civil Appeals to determine the question, in order for it to determine whether it should sustain or set aside the order appointing the receiver. In 30 American Jurisprudence, p. 930, it is said: "Under this rule, if the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself." See also 15 R. C. L. 976 and 34 C. J. 745 and 930. Under the above rule and the facts here involved it must be held that the former judgment of the Court of Civil Appeals adjudicated the question of the jurisdiction of the trial court over the subject matter. Its judgment, holding that the trial court was without jurisdiction, became final; and any judgment that the trial court might enter, attempting to exercise jurisdiction over said estate to the extent of taxing the costs of receivership proceedings against said estate, would trench upon the judgment of the Court of Civil Appeals. The Court of Civil Appeals had a right to prohibit such unwarranted interference with its judgment. 50 C. J., p. 669, sec. 27.

It should be noted that we are not here passing on the question as to whether a court which has jurisdiction over the property, has authority to tax costs against it where the trial court has merely abused its discretion in granting a receivership. Here, according to the judgment of the Court of Civil Appeals, which judgment is now final, the trial court was without jurisdiction over the subject matter; and its judgment appointing a receiver was absolutely void.

The writ of prohibition issued by the Court of Civil Appeals does not interfere with the right of the trial court to wind up and dismiss the receivership proceedings; nor does it interfere with the right of that court to determine the amount of the receiver's fees, and to tax them against the plaintiff in this

case. It merely prohibits the trial court from taxing such costs, or fixing any other charge, against said estate. Neither does such writ interfere with the right of the trial court to adjudicate any personal liability of Mrs. Kuteman to the plaintiff in the lower court growing out of the contract sued on, and we do not here undertake to determine such liability, if any. That question is not before us. We also desire to make it clear that we are not here determining the rights of creditors to recover against said estate for equitable benefits conferred by loans made to the receiver. That question is not before us.

We do not understand that the trial court is refusing to proceed to dispose of the case consistent with the writ of prohibition issued by the Court of Civil Appeals. The application for mandamus will therefore be refused.

Opinion delivered December 31, 1941.

Rehearing overruled March 4, 1942.