**KUTEMAN v. ALEXANDER.**

**No. 5767.**

Court of Civil Appeals of Texas. Amarillo.

March 10, 1947.

Rehearing Denied April 11, 1947.

74

H. J. Bryce and Ben F. Thorpe, both of Snyder, and Otis Truelove, of Amarillo, for appellant.

Brooks, Duke & Templeton, of Abilene, for appellee.

PITTS, Chief Justice.

Nellie Kuteman, a feme sole, perfected an appeal in this case from a judgment rendered by the trial court as a result of a peremptory instruction to the jury

against her and in favor of J. M. Alexander, appellee. The record discloses that appellant filed this suit on September 6, 1944, against appellee for damages in the sum of $5200 as a result of alleged trespass upon certain grazing lands situated in Kent County, Texas, and owned by appellant. Among other defenses appellee pleaded the two years statute of limitation to which defense appellant pleaded an estoppel and these became the controlling issues in the case.

It appears that an order was entered on March 11, 1940, by the District Court of Kent County, appointing Guinn Williams as a receiver to take possession, manage and control the land in question together with other property; that Guinn Williams as such receiver leased the land in question on April 15, 1940, to J. C. Stribling for a valuable consideration and for a term of ten years and that Stribling, in turn, leased the said land for grazing purposes to appellee on May 13, 1940, for a valuable consideration and for a term of ten years; that appellee had been paying rentals for the land to J. C. Stribling in accordance with the lease contract; that on March 17, 1941, the order of the District Court of Kent County appointing Guinn Williams receiver of the land in question was set aside and held to be void for want of jurisdiction and the judgment so holding became final as reflected by the cases of Kuteman v. Stone, Tex.Civ.App., 150 S.W.2d 102; Kuteman v. Ratliff, Tex.Civ. App., 154 S.W.2d 864; and Williams v. Jackson, 138 Tex. 352, 159 S.W.2d 99; that on June 15, 1942, appellant conveyed the land in question to W. A. Mays, who, on July 7, 1942, with the assistance of appellant and her attorney, obtained a judgment in a forcible entry and detainer suit, evicting the appellee from the said land from which judgment notice of appeal was given but none perfected; that on July 30, 1942, appellee gave possession in writing of the land in question to claimant and that appellant claims, as evidenced by a trial amendment filed on the date of the trial, that appellee owes her for the value of the use of the said land from October 20, 1941 to June 15, 1942.

In rebuttal to appellee's plea of limitation appellant contends that the statute of limitation was tolled by words, acts, and conduct of appellee for a period of time that would bring the date her claim accrued well within two years from the date the suit was filed on September 6, 1944, and that appellee is therefore estopped from pleading limitation. In view of appellant's position, she must have pleaded and proved that such words, acts, and conduct constituted a new promise to pay and that such a new promise must have been clear and unequivocal and not qualified by words nor limitations. Chandler v. Alamo Mfg. Co., Tex.Civ.App., 140 S.W.2d 918, and other authorities there cited. One who claims that the operation of the statutes of limitation have been suspended or who asserts an estoppel such as appellant has here asserted must exercise due care to rely on the facts as they really are and not rely on conditions and circumstances as they may seem to be or as it may seem they ought to be. Neal v. Pickett, Tex.Com.App., 280 S.W. 748; 37 C.J. 727, Sec. 44; 28 Tex.Jur. 248, Sec. 149.

There is no allegation of fraud or deceit. To support her claims appellant is relying on certain statements made by appellee and his attorney in their negotiations had with her attorney, in personal conversations as well as by letters that passed between them, all of which are before this Court in the statement of facts. The record reveals that appellee had built fences and placed other improvements on the land in question after J. C. Stribling executed the lease to him and prior to the date the order appointing Guinn Williams as receiver was held to be void and that appellee subsequently removed the said improvements from the land without any controversy with the appellant about the removal of such improvements. The record likewise reveals that appellant on March 31, 1942, gave notice in writing to appellee that she wanted possession of the premises by April 20, 1942, and she asked him in said notice for the payment of the rentals on the land from October 20, 1941, "at the same rate you were paying Mr. Stribling." The record further reveals that during a period of time between January 29, 1942, and July 30, 1942, numerous letters passed between the parties through their attorneys but the subject matter of such letters was mostly concerning an attempt to fix a convenient time and place for the parties and their attorneys to meet for negotiations concerning the questions involved. In some of such letters possession of the premises, improvements placed thereon by appellee, and the rentals were mentioned, but we find no mention in any of the letters of the filing of a suit to collect the rentals or of deferring the filing of such a suit or of any promise by appellee that he would pay any rentals to appellant or of any acknowledgment by appellee that he owed appellant any rentals.

At the trial Honorable Ralph Porter testified that he had been attorney for appellant during the business transactions involved in this case and that he represented her in the negotiations between her and the appellee concerning the issues here involved. He further testified that early in June of 1942 he went to Abilene to see appellee and his attorney and to get possession of the premises and to collect the rentals for his client, appellant, but that he did not get either; that he did on such visit have a conference with Mr. E. T. Brooks, appellee's attorney, concerning the rentals and possession of the premises and that Mr. Brooks told him that appellee had a business difference with J. C. Stribling that they were trying to straighten out and that appellee's cows were calving and he did not want to move them at that time but they would work the matter out; that he and Mr. Brooks then went on the same day to the office of appellee in the same building in Abilene and the three of them had a further conference about the matters above referred to. He further testified as follows:

"Either it was Dr. Alexander (appellee) or it was Mr. Brooks, I wouldn't say which, probably Mr. Brooks, said he didn't want to have this suit to get possession for that rental, and the question came up there was no use for a suit in the matter, that whoever the rental belonged to, whether it was Guinn Williams or Mr. Stribling or Mrs.

Kuteman, whoever it belonged to, the rental would be paid. * * *

"He said there was no need for a suit for possession nor for the rental, that whoever the money belonged to it would be paid. The question then came up as to who it belonged to, Mrs. Kuteman or Mr. Stribling, at that time. * * *

"Yes, I stated that I would have to bring a suit for both possession and for damages for the use of the ranch unless payment was made. * * *

"Yes, the statement was made that there was no necessity for bringing a suit, that whoever the money belonged to it would be paid. * * *

"He (appellee) said he had the money to pay for it and was willing to pay for it when it was determined who he should pay it to, but he wasn't ready to move for the reasons I have already assigned."

Mr. Porter further testified that appellee asked for time but he did not designate how much time it would take and he further testified that he as appellant's attorney relied on the statements made to him by appellee and his attorney as reflected hereinabove and as a result of such statements he did not file suit for the collection of the rentals but that he did file suit for the possession of the premises on January 29, 1942.

The foregoing statements, as testified to by Mr. Porter, constitute the principal grounds, as reflected by the record, upon which appellant relies to support her plea of estoppel. It appears that appellee had previously been paying rentals to J. B. Stribling and that he expressed a willingness to pay any additional rentals he may owe to "whoever the rentals belong to, whether it was Guinn Williams or Mr. Stribling or Mrs. Kuteman." The record further reveals that appellee said "there was no need for a suit for possession nor for the rentals, that whoever the money belonged to it would be paid." But the record fails to reveal that appellee made an unconditional promise to pay any rental to appellant or that he acknowledged that he owed her any rental or that he requested appellant not to sue for the rental or that he agreed not to plead limitation if she did sue for the rental or that he did or said anything else that would toll the statute of limitation. For those reasons it appears that appellant has failed to establish the plea of estoppel and that appellee was not estopped from pleading limitations. Panhandle Const. Co. v. Hood, Tex.Civ. App., 114 S.W.2d 632 (writ refused). It appears that the probative force of the evidence offered by appellant in seeking to establish an estoppel was so slight that it did no more than raise a mere surmise or suspicion of the facts sought to be established. It has been held many times that when such is the case it is the duty of the trial court to direct a verdict against such party on the issues sought to be established. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Bob's Candy & Pecan Co. v. McConnell, 140 Tex. 331, 167 S.W.2d 511; Cole v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 179 S.W.2d 343; Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194; American Nat. Ins. Co. v. Dailey, Tex.Civ.App., 187 S.W.2d 716.

It clearly appears that it was more than two years from the date the claimed debt accrued until the date the suit was filed, therefore under the record and the authorities cited the trial court properly sustained appellee's plea of two years statute of limitation and properly instructed the jury. Appellant's points of error to the contrary are therefore overruled and the judgment of the trial court is affirmed.