**HUNT v. WICHITA COUNTY WATER IM-
PROVEMENT DIST. NO. 2 et al.
No. 14902.**

Court of Civil Appeals of Texas,
Fort Worth.
July 9, 1948.

Rehearing Denied Sept. 10, 1948.

344

E. W. Napier, of Wichita Falls, for appellant.

A. H. Britain, Jack W. Connell and O. R. Tipps, all of Wichita Falls, for appellees.

HALL, Justice.

In February, 1930, the Wichita County Water Improvement District No. 2 of Wichita County, Texas, filed a tax suit against Marie Anchor, a feme sole, et al., seeking to collect delinquent taxes by foreclosure of tax lien on a certain tract of land owned by the said Marie Anchor located and situated in said Wichita County, Texas, and within the confines of said Water District. Among the answers filed was that of Marie Anchor, bearing date of April 8, 1930, and, by leave of court, filed her first amended original answer on October 13, 1930, wherein she set up various and sundry defensive issues, such as out of the 300.56 acres involved she only had 10 acres accessible to irrigation. She described the topography of the balance of the land in minute detail, giving also a complete history of the litigation which had theretofore been had on the land, alleging that plaintiff's cause of action if sustained would amount to an absolute confiscation of the land; that the Water District had never located the canals which would benefit the defendant's land, that the suit against her amounted to a discrimination against her property; that the sum sued for is not a tax charge but is a water charge. She was represented by able counsel, who signed as attorneys "for Marie Anchor."

The case was tried before the late P. A. Martin, who later was a Judge of the Court of Civil Appeals for the Second Supreme Judicial District of Texas. On November 15, 1930 the court entered judgment in favor of the Water District, who is now appellee in the case at bar, whereupon Marie Anchor, the appellant in the case at bar, filed many long bills of exceptions, which were overruled by the court.

On the 13th of April, 1931, the principal of the bond for writ of error was signed "Mrs. Marie Anchor." The case was appealed to the Court of Civil Appeals, which court in turn certified questions to the Supreme Court, as set out in 123 Tex. 105, 66 S.W.2d 657, and in obedience to the holding of the Supreme Court, through its Commission, the Court of Civil Appeals affirmed the judgment of the trial court as against Mrs. Anchor for the amount found to be due by her and for foreclosure of the lien, as set out in the case of Anchor v. Wichita County Water Improvement District No. 2, 129 Tex. 70, 103 S.W.2d 135, 112 A.L.R. 70, an application for writ of error by Mrs. Anchor was granted on an assignment alleging in substance, that under the pleadings of the Water District and under the judgment a large part of the land was claimed to be non irrigable, untillable, not subject to a tax of $3.50 per acre but only to a tax of 7¢ per acre and that since the judgment contained a recovery of a sum certain, partly on the basis of seven cents and partly on the basis of $3.50 per acre, the blanket foreclosure as to the entire tract was fundamentally erroneous. The Supreme Court in said cause affirmed the judgment of the trial court and that of the Court of Civil Appeals, which in effect found the taxes legally due and owing by Mrs. Anchor and granted foreclosure of the lien against her land. A mandate issued in due course, was returned to the District Court of Wichita County, Texas and in due course of time the Water District foreclosed its tax lien.

On April 9, 1941 appellant, Marie Anchor, filed a law suit styled Marie Anchor Hunt et al. v. Wichita County Water Improvement District No. 2 et al., in the form of a bill of review to set aside the judgment rendered October 15, 1930 in favor of the Water District, as described supra.

On July 9, 1947 the matter was brought to the attention of the trial court, at which time the exceptions to appellant's second

amended original petition were sustained and dismissed the suit with prejudice. Appellant gave no notice of appeal from said judgment at the time it was entered, but on July 14, 1947 she presented her third amended original petition to the court, and when the court denied leave to file said amendment, she gave notice of appeal to the Court of Civil Appeals, which court in Tex.Civ.App., 207 S.W.2d 703 dismissed the appeal because no effective notice of appeal was given from the final judgment. In accordance with an opinion of the Supreme Court Tex.Sup., 211 S.W.2d 743 (not as yet published) holding that the appeal was effective, we now proceed to review the case upon its merits, which is predicated upon two points of error, as follows:

1. The plaintiffs' Second Amended Original Petition stated a cause of action, and the court, therefore, erred in sustaining the exceptions and in dismissing the case.

2. The court erred in dismissing the case without affording the plaintiffs an opportunity to amend.

In the statement of her case, appellant presents argument that the judgment of the trial court, the Court of Civil Appeals and the Supreme Court in the first case, supra, should be set aside because she was on the first day of April, 1930 married to D. K. Hunt; that they used and occupied said land as their homestead; and on or about said date the Wichita County Water Improvement District instituted a suit in the 89th District Court of Wichita County, Texas against her for the foreclosure of a tax lien against her separate property, and sets out in detail the things she alleged in her petition; that her husband, D. K. Hunt, was not made a party to the original suit; that on June 14, 1947 they filed their first amended original petition alleging substantially the same facts as those set out in the first original petition and in addition thereto they alleged that for five years from June 1, 1930 the plaintiff, Marie Hunt, was of unsound mind.

On the 24th day of June, 1947 they filed their second original petition setting out no change from their former pleadings except that Marie Hunt had suffered an impairment of her mental faculties, that ever since June 1, 1925 the plaintiff was in such mental condition she was unable to understand or transact the most ordinary sort of business and therefore was of unsound mind.

We overrule appellants' points one and two for the principal reason that when a final judgment is rendered by the Supreme Court of the State or when a judgment becomes final in any other court, it becomes the law of the case and should not be set aside unless it is void. If it is voidable the attacker must show that he has a good defense to the entire cause of action pleaded by the plaintiff and that he was prevented from presenting such defense either by fraud, accident, mistake or wrongful conduct of the adverse party without negligence or want of proper diligence on his part, and this is not sufficient unless it be shown that a different judgment should have been rendered. Moon v. Weber, Tex.Civ.App., 103 S.W.2d 807, writ refused.

The above rule also must hazard the general rule that when the court acquires jurisdiction of the parties as well as the subject matter and renders judgment which becomes final, that under the doctrine of "res judicata" it will be considered that all issues pleaded and proved, as well as those which could have been properly plead and proved, were adjudicated. Long v. Chapman, Tex.Civ.App., 151 S.W.2d 879; see also cases cited at end of opinion. The above rule announced will hold even though the judgment which became final was incorrect and the same is binding on the parties and their privies in title unless the judgment is void. Long v. Chapman, supra.

The same rule which forbids the plaintiff from bringing a cause of action the second time after its adjudication applies to the failure of the defendant to set up all defenses. If a party has two or more available defenses he must set them all up in so far as they are essential to a proper determination of the case and if he fails to do so the judgment will be as conclusive as to the defenses so omitted as it is to those which were actually submitted, because it is the law that no defense can be set up to avoid a judgment that could

have been set up on the trial of the case. See 26 Tex.Jur., pp. 163-164, sec. 431. If this were not true "litigation would end only when the ingenuity of counsel could not suggest additional grounds in support of the issue." 26 Tex.Jur., p. 115.

■ It is also the law that when a married woman is sued on a debt and fails to set up the defense that she is a feme covert, it is error to arrest the judgment rendered against her because of that fact. Phelps v. Brackett, 24 Tex. 236.

■ In order to ascertain whether or not the second suit is based upon the same cause of action or upon defenses which would be sufficient to re-open the case, it is necessary to look to the pleading in testing what was involved and determined in the former suit. Davis et al. v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1. In said case the court quoted from James v. James, 81 Tex. 373, 16 S.W. 1087, as follows [139 Tex. 36, 161 S.W. 471]: "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue, or question, should have been fairly within the scope of the pleadings."

. ■ The vital issue involved in the case at bar which has been determined by the opinion from the Supreme Court, supra, was as to whether or not appellant owed the taxes in question. This issue and the defenses submitted by appellant were legally disposed of in all three courts; hence the judgments of the trial court, the Court of Civil Appeals and the Supreme Court are "res judicata" as to such defenses that were pleaded and/or could have been pleaded. Therefore the court did not err in dismissing the second suit.

■ We have examined the pleadings in the former case as well as the pleadings in the case at bar and do not find any evidence of appellant having been either married at the time she was sued before or of unsound mind. The case was tried before a competent judge, she was represented in the trial court by a competent firm of attorneys; in the appellate court by three competent firms of attorneys, and even though she may have been of unsound mind at the time, yet this would not preclude the court rendering judgment against her for taxes due, as there is no law making insanity a defense against taxation of property. We find nothing in the record of the first case which indicates that appellant did not receive a fair and impartial trial.

There are instances where cases may be re-opened when the record reflects that an insane person had been taken advantage of by some one knowing such person's disability or condition, or by reasonable diligence should have known it. Lee v. Heuman, 10 Tex.Civ.App. 666, 32 S.W. 93; Pyle v. Pyle, Tex.Civ.App., 159 S.W. 488. The facts in the case at bar are not similar to those facts outlined in the above cases.

■ The question of the homestead right is not of such a character as to make it an exception to the rule of "res judicata" but it has been held that when it might have been pleaded in the former suit it was too late to set it up in another suit. 26 Tex.Jur., pp. 169-170, sec. 433.

For further law in point see 50 C.J.S., Judgments, §§ 682-706, pages 128 through 163; Fidelity Union Fire Ins. Co. v. Mullinax, 132 Sup. 485, 123 S.W.2d 288; Kirby Lumber Corporation v. Southern Lumber Co. et al., Tex.Sup., 196 S.W.2d 387; Landa v. Isern et ux., 141 Tex. 455, 174 S.W.2d 310; Ridge et al. v. Wood et al., Tex.Civ.App., 140 S.W.2d 536; writ dismissed, correct judgment; Whitman et al. v. Aldrich et al., Tex.Civ.App., 157 S.W. 464; Williams. v. Jackson, Chief Justice et al., 138 Tex. 352, 159 S.W.2d 99; Wilson et al. v. Cone et al., Tex.Civ.App., 179 S.W.2d 784.

Specifically answering appellant's point No. 2, wherein it complains of the trial court in dismissing the case without affording the plaintiff the opportunity to again amend, we have examined the third amended original petition which appellant attempted to file and find that it does not aver any cause of action which in any way pleads around the rule of "res judicata."

At the time the court entered its judgment of dismissal appellant had already filed an original petition and two amended petitions, neither of which alleged a cause ·of action.

The general rule is that the matter of setting aside a judgment of dismissal and permitting the plaintiff to amend is largely within the discretion of the trial court. We find no abuse of such discretion, .and the judgment is affirmed.