**Tom B. LIVESAY, Appellant,**

v.

**FIRST CHRISTIAN CHURCH OF BEAU-MONT, Texas, Appellee.**

**No. 7347.**

Court of Civil Appeals of Texas, Beaumont.

June 1, 1972.

Joe Farris, Jr., Beaumont, for appellant.

Alan McNeill, John P. Blair, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action on a written contract to collect for architectural services. Trial was by jury, but judgment was directed for defendant at the end of plaintiff's testimony. The parties will be referred to here as they were in the trial court.

Tom B. Livesay entered into a written contract on March 6, 1958, with the First Christian Church of Beaumont, Texas, for the design and preparation of plans for certain buildings for such church. When the plans and specifications were completed, bids were taken in the form of a base bid with four alternates. The defendant accepted the bid of Thad Dederick Construction Co., Inc., dated October 16, 1961. Alternate 3 was for the construction of additional classrooms and offices. Such contractor's bid on Alternate 3 was in the amount of $87,800 which was not accepted and the improvements were not built. Plaintiff contends that he has been paid for all of his services except those performed in reference to Alternate 3, for which he here sues.

This suit was filed January 29, 1971. Defendant answered with pleas of payment, the two and four-year statutes of limitation, and laches. By amended pleadings, plaintiff alleged: That he was assured by representatives of the defendant that when a building was built he would be paid his fee for services rendered. That because of such promise and his reliance, the defendant was estopped from pleading limitations as a defense. Defendant's motion for directed verdict relied upon the following ground, in substance: That there was no evidence the building being constructed was the one plaintiff had planned and therefore no proof that the money was due. That there was no consideration for any such new promise and therefore defendant was not estopped to rely upon its pleas of limitations. That plaintiff sent defendant a bill of 1962 marked "Final Cost" which was paid in full. The judgment rendered for defendant states no reason or reasons for the trial court granting the motion for directed verdict.

▮ Rule 268 provides that a motion for directed verdict shall state specific grounds therefor. Two Texas cases make the statement that the reason for the rule is defeated when a motion for directed verdict states more than one ground and

the judgment does not show which ground is sustained. See Shaw v. Tyler Bank & Trust Company, 285 S.W.2d 782 (Tex.Civ. App., Texarkana, 1955, error ref. n. r. e.) and Harris v. Sanderson, 178 S.W.2d 315 (Tex.Civ.App., Eastland, 1944, error ref. w. o. m.). We are inclined to agree. There are two opinions out of this court which lend support to such holding. In Olivier v. Life and Casualty Insurance Co. of Tenn., 440 S.W.2d 398 (Tex.Civ.App., Beaumont, 1969, error ref. n. r. e.), it is written that where a trial court granted a peremptory instruction without specifying the ground or grounds, the failure to assign error as to all of the grounds upon which the court's action might have been based amounts to a waiver thereof. In LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44 (Tex.Civ.App., Beaumont, 1966, error ref. n. r. e.), it is held that appellant's failure to assign error or brief the independent grounds upon which the trial court granted a summary judgment is a basis for affirmance.

Plaintiff's points of error are that the trial court erred in holding as a matter of law that his evidence was not sufficient to overcome the statute of limitations and in holding that this was not a proper case for the application of the doctrine of equitable estoppel. In considering these points, we follow the well established rule that we view the evidence in its most favorable light to the losing party and indulge every reasonable inference which might be drawn from such evidence as we would in considering any "no evidence" point. These points are overruled.

▮ The law appears to be well settled that the parties, by their words and conduct, may estop themselves from seeking the benefit of the statutes of limitation. However, the party seeking to rely upon the statute of limitation must have been guilty of deception or a violation of a duty toward the other party before estoppel will be applicable. See: Elsesser v. Cotham, 250 S.W.2d 591, 593 (Tex.Civ.

App., San Antonio, 1952, no writ) and Panhandle Const. Co. v. Hood, 114 S.W. 2d 632, 634 (Tex.Civ.App., Austin, 1938, error ref.).

■ The words and conduct claimed to be the basis for estoppel must be clear and unequivocal and must constitute a new promise to pay. Kuteman v. Alexander, 201 S.W.2d 73, 75 (Tex.Civ.App., Amarillo, 1947, error ref. n. r. e.) and Chandler v. Alamo Mfg. Co., 140 S.W.2d 918 (Tex. Civ.App., Austin, 1940, no writ).

■ There is also a related and additional rule, that in order to rely upon a statement of an adverse party as a basis for estoppel, the plaintiff is under a duty to exercise reasonable care and diligence. Neal v. Pickett, 280 S.W. 748, 753 (Tex. Comm.App.1926, holdings approved); Elsesser v. Cotham, supra, and Kuteman v. Alexander, supra.

■ Many of the essentials of equitable estoppel are lacking in the present case. In the first place, no unconditional promise to pay is either alleged or proved. As stated above, the plaintiff alleged he was to be paid "when a building was built." He testified that he was to be paid "when it [this building] was built"; "when the money was available and that building was built"; and "[w]hen they had money to build this building." He also testified: That the subject did not come up as to whether he was to be paid if the church did not build the building for which he had drawn the plans. That it was not discussed as to whether he would get his money if another building was constructed. There is no evidence that the building called for in Alternate 3—that is additional classrooms and offices—is either under construction or has been built.

There is no evidence in the record that plaintiff exercised reasonable care and diligence. Plaintiff testified that he had built many churches and therefore was presumed to be aware of the fact that generally each building committee is an "ad hoc" committee and that changes occur from year to year. Yet plaintiff contends his "assurance" came from some nebulous committee with no mention of its authority or church approval. After receiving such "assurance" in 1962, plaintiff secured nothing in writing from the church and, in fact, made no memorandum of such "assurance" in his file. Plaintiff did not even mention such "assurance" to any member of the church building committee or any member of the church until 1970 when he was interviewed for some new construction.

Most of the cases in which estoppel has been upheld involve a situation in which there is a mutual agreement under which the defendant has made a definite promise to pay and the plaintiff has agreed to refrain from filing suit within the limitation period. See Manzell v. Hightower, 159 S. W.2d 552, 554 (Tex.Civ.App., Texarkana, 1942, no writ); Rauch v. Hearne, 189 S. W.2d 342, 346 (Tex.Civ.App., Waco, 1945, error ref. w. o. m.) and Frey v. Pearson, 168 S.W.2d 886, 889 (Tex.Civ.App., Waco, 1943, no writ). We have no proof of any such agreement in this case. Plaintiff's testimony does not reflect any intention on his part to file suit against defendant (either that he mentioned or otherwise) until his interview with the church committee in 1970. Plaintiff failed, as a matter of law, to establish the necessary ingredients to constitute estoppel and his claim was barred by limitation.

Judgment affirmed.