Bennie Ray GIBSON, et ux., Appellants,

v.

JOHN D. CAMPBELL AND COMPANY, Appellee.

No. 18490.

Court of Appeals of Texas, Fort Worth.

Nov. 5, 1981.

Rehearing Denied Dec. 10, 1981.

Randall E. Turner, Fort Worth, for appellants.

Hooper & Chappell, William R. Brown, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment. Appellants, Bennie Ray Gibson, et

ux. (hereinafter referred to as the plaintiffs) brought an action for damages against the appellee, John D. Campbell and Company (hereinafter referred to as defendant) alleging breach of implied warranty of habitability of a house built and sold by defendant to the plaintiffs. Defendant filed a motion for summary judgment contending that the suit was barred by reason of a two and/or four year statute of limitations. Plaintiffs filed a reply and supporting affidavit. The trial court granted defendant's motion for summary judgment. Plaintiffs appeal.

We reverse and remand.

The uncontroverted evidence shows that the plaintiffs entered into a contract with the defendant on or about April 15, 1976, to purchase a house which the defendant had built, and that on or about April 15, 1976, the defendant conveyed the property to the plaintiffs by a general warranty deed. It is not apparent from the summary judgment evidence whether the contract was oral or written. The plaintiffs filed suit on June 13, 1980.

In his supporting affidavit, Bennie Ray Gibson, plaintiff, attested to the following: On or about April 30, 1976, I noticed dampness in the carpet in the corner of the house. At my request, the defendant sent out a repairman who made repairs and assured me that I would have no more problems and that the defect was completely repaired. In May of 1977, I again noticed dampness in the carpet, at which time I telephoned the defendant who disclaimed responsibility and refused to make any repairs because a year had passed since the sale of the house and the defendant could find no record of having repaired my house in April of 1976. Sometime between January and May of 1978, I hired a concrete contracting company to inspect the house. The contractor informed me that the foundation was cracked. I called the defendant who refused to make any repairs for the same reasons given earlier. During the last week of December, 1979, my house and furnishings were badly damaged from water pouring into the house through the floor. When I informed the defendant of this problem, I was told that my records had been found and that my foundation would be repaired. The defendant sent out an agent who ripped up the carpet and floor boards and inspected the crack and assured me that the defendant would repair the foundation. He also promised to dig a "french drain" along the side of the house and to build a concrete reinforcement on the side of the house. He left without replacing the carpet or floor boards. From December, 1979, to June, 1980, I was repeatedly reassured by defendant that it would repair the foundation. During the first week of February, the defendant said that he would contribute forty percent of the replacement cost of the carpet which it did when the new carpet was installed around April 1, 1980. In mid-February defendant came to my house and told me to be patient that the repairs would be made. Because of the repeated assurances by defendant that it would repair the foundation, I did not pursue legal action sooner.

Defendant was granted summary judgment on the basis of the running of a two and/or four years statute of limitations.

Plaintiffs appeal asserting that the trial court erred in granting summary judgment because (1) there was a genuine issue as to when the applicable statute of limitations began to run; (2) the defendant did not meet its burden of proving that the action was barred by limitations; and (3) there was a genuine issue as to whether or not defendant was estopped to rely on the statute of limitations.

We sustain each of appellants' points.

The standard of review of a summary judgment must be stringent, and the record must negate the probability that evidence calling for contrary result might be developed at trial. *Beech v. United States*, 345 F.2d 872 (5th Cir. 1965). The question on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact and that movant is entitled to judgment. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

The rules to be followed by an appellate court in reviewing a summary judgment are expressed in *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–3 (Tex.1976):

"1. The movant for summary judgment ... has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. (Citations omitted.)

"2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant ... will be taken as true. (Citations omitted.)

"3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor." (Citations omitted.)

Applying these standards, we now address plaintiffs' points of error.

By their first and second points, plaintiffs contend that there is a genuine issue as to when the applicable statute of limitations began to run and that the defendant did not meet its burden of proving that the action was barred by limitations.

■ Both parties agree that the statute of limitations governing breach of implied warranty of habitability begins to run when the buyer discovers or should have discovered the injury. *Richman v. Watel*, 565 S.W.2d 101, 102 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). The defendant claims limitations began running on May 30, 1976, when the plaintiffs first discovered dampness in the carpet three weeks after they bought and moved into the house. Plaintiffs claim that limitations did not begin to run until sometime between January and May of 1978 when they were informed by an independent contractor that the foundation was cracked.

The question before us is whether the defendants have established that as a matter of law the plaintiffs should have discovered the defect in the foundation when they first noticed the dampness in the carpet so

that limitations began running April 30, 1976, thereby barring the cause by either the two and/or four year statutes so that there is no genuine issue of material fact.

■ By moving for summary judgment, the defendant assumed the burden of showing as a matter of law that plaintiffs have no cause of action against him. The burden is to come forward with summary judgment proof which establishes as a matter of law that no genuine issue of fact exists. *Gibbs v. General Motors Corporation, supra*. When a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972).

■ By moving for summary judgment on the basis of the running of limitations, defendant assumed the burden of showing as a matter of law that the suit is barred by limitations. Where the plaintiffs' pleadings do not affirmatively show that the limitation period has run, the movant has the burden of proving that the suit is barred by limitations as a matter of law. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533, 534 (Tex.1974).

The pleadings in the present case do not indicate whether the contract for the sale of the house was oral or written and, therefore, do not indicate whether the action is governed by the two (2) or four (4) year statute of limitations. Under the rule announced by the Supreme Court in *Oram, supra*, and *Rosenbaum, supra*, defendant had the burden of proving that the contract was oral or written in order to prevail on the applicable limitations defense.

Defendant premised its motion for summary judgment on the basis that plaintiffs (1) purchased the house on April 15, 1976; (2) first discovered a problem on April 30, 1976 and immediately complained to defendant; and (3) filed suit on June 13, 1980. Defendant's position is that plaintiffs, as a matter of law, discovered the problem on

April 30, 1976, regardless of their possible ignorance concerning the extent and permanency of the foundation trouble.

In *Summers v. Bransford-Hinds Building Company*, 383 S.W.2d 947 (Tex.Civ.App.— Eastland 1964, writ ref'd n.r.e.), the court addressed basically the same issue. The buyers bought a new house from builder. About four months after moving into the house, buyers sent builder a list of items which needed to be fixed, which builder did take care of. About three years later, the buyers decided to sell the house and were informed by real estate agents who inspected the house that the foundation was defective. Buyers filed suit against the builder for breach of implied warranty to construct a house in a good and workmanlike manner. Summary judgment was granted builder on the ground that suit was barred by the two year statute of limitations. On appeal, builder contended that limitations began running when the buyers made out the list of items to be fixed by builder as that is when they should have discovered the condition of the foundation. The buyers contended, on appeal, that limitation did not begin to run until they were informed by the real estate agents that the foundation was defective. The buyers testified in depositions that they were unaware of the defective condition of the foundation and the consequent shifting of their house until the real estate agents pointed out their problem. The appeals court reversed the summary judgment and remanded the cause, holding that "[i]f there is any evidence of probative value, with the inferences that may reasonably be drawn therefrom, which will support a finding that limitation did not commence to run until [time the buyers learned of the problem from the real estate agents], the [buyers'] contentions must be sustained." *Id.* at 949–50.

██ After considering the plaintiffs' supporting affidavit and defendant's motion for summary judgment and applying the rules we are required to follow in summary judgment cases, we are compelled to hold that an issue of fact was raised by the evidence. Indulging every reasonable inference in favor of the plaintiffs and resolving any doubts in their favor, we find that an inference may reasonably be drawn from plaintiffs' supporting affidavit which might support a finding that the plaintiffs did not discover or have reason to discover the defective condition of the foundation until so informed by a contractor. Reasonable minds could easily differ as to whether or not discovery of the dampness in the carpet amounted to discovery of the injury. We have held that where the ultimate conclusion to be drawn from uncontradicted evidence would not necessarily be the only conclusion possible to be made from the same evidence by reasonable minds, such conclusion would be a conclusion of fact precluding summary judgment, and not a conclusion of law. *Frazier v. Glens Falls Indemnity Company*, 278 S.W.2d 388, 392 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.).

██ We find that an issue of fact was raised by the evidence and that defendant failed to meet its burden of proving that the action was barred by limitations. We sustain plaintiffs' first and second points of error.

By their third point of error appellants contend that there was a genuine issue as to whether or not appellee was estopped to rely on the statutes of limitations.

The uncontroverted evidence in appellants' affidavit shows that the appellee, its agents and employees, made repeated, unequivocal promises to repair the cracked foundation, dig a "french drain" to divert water, and build a concrete reinforcement for the foundation. One of appellee's agents actually went to appellants' house and ripped up the carpet and floorboards in preparation for the promised work. On another occasion, appellee went to appellants' house and promised that it would repair the foundation. Appellee went so far as to contribute toward the payment of new carpet. The evidence also shows that not one of the above mentioned promises was ever carried out.

Appellants submit that appellee could have reasonably expected appellants to rely

on the truth of such promises. According to the evidence, appellants did rely on these promises. In fact, in their affidavit, appellants claim that the reason that they did not file suit sooner than they did was because they expected appellee to carry out its promises.

 The rule is well established that parties may, by their words or conduct, estop themselves from pleading limitations. *Mandola v. Mariotti*, 557 S.W.2d 350 (Tex. Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Livesay v. First Christian Church of Beaumont*, 482 S.W.2d 403 (Tex. Civ.App.—Beaumont 1972, no writ); *Lanpar Company v. Stanfield*, 474 S.W.2d 753 (Tex.Civ.App.—Waco 1971, writ ref'd n.r. e.).

Promises and misrepresentations which reasonably induce a party to postpone filing suit have been held to estop the other party from relying on the limitations defense. However, the party seeking to rely upon the statute of limitation must have been guilty of deception or a violation of a duty toward the other party before estoppel will be applicable. See, e. g., *Mandola v. Mariotti, supra; Long v. Smith*, 466 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.); *Loomis Construction Company v. Matijevich*, 425 S.W.2d 39 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ).

Appellee argues that estoppel does not apply on the ground that there is no evidence that appellee was guilty of deception or a violation of a duty toward appellants.

Reviewing the record, we find that there is evidence from which a jury could reasonably infer an intent not to perform on the promises and, accordingly, they could infer deception. Appellee made promises to repair over a six (6) month period ending almost exactly four (4) years after the sale of the house. Appellee then refused to carry out those promises. Other than an admission from appellee, the only evidence with which appellants could possibly prove intent is necessarily circumstantial.

From the evidence it could be found that the appellee owed a duty to appellants. A contractor who builds and sells a house to a buyer is under a duty to the buyer to construct the house in a good, workmanlike manner. *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968). It could be reasonably determined by a jury that appellee's promises to repair the foundation amounted to assurances to perform its original duty.

Indulging every reasonable inference in favor of the non-movant and resolving any doubts in his favor, *Wilcox v. St. Mary's University of San Antonio, supra*, we conclude that there is a genuine issue as to whether or not appellee was estopped to rely on the statute of limitations. Appellants' third point is sustained.

The judgment is reversed and the cause is remanded.