John W. O'DOWD, Appellant,

v.

Patsy JOHNSON, Appellee.

No. 01–83–0231–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1984.
Rehearing Denied March 15, 1984.

Jerry J. Hamilton, Houston, for appellee.

John W. O'Dowd, Houston, pro se.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

The appellee filed suit against her attorney, the appellant, to recover a debt based on a written contract. A non-jury trial resulted in judgment for the appellee in the amount of $2900.

The appellant represented the appellee in a divorce action. As settlement for her property rights in this action, the appellee received a check for $13,100. In June, 1972, the appellee, upon receiving the check, endorsed it and gave it to the appellant who was to invest $2900 in commodities and place the balance of the proceeds in the appellee's savings and checking accounts.

In October of 1972, the oral agreement was reduced to writing and the contract was signed by the appellant and the appellee and her second husband. The essence of the contract was that the appellant would invest the $2900 with a reputable brokerage firm. For his efforts, the appellant was to receive attorney's fees of 25% of the net profits. He agreed that he would indemnify and hold harmless the appellee and her husband against loss.

The term of the agreement was for a period of at least one year from the date of the signing of the agreement, October 7, 1972. The appellant was to furnish the appellee and her husband monthly reports to reflect the progress of the investment.

The record reflects that although the appellant did not furnish the monthly statements required by the contract, he promised the appellee on several occasions that the money would be returned. The appellee testified that she trusted and still had faith in the appellant and in 1976, retained the appellant to represent her in a divorce action against her second husband. She stated that the appellant promised her during the course of this second divorce action that she would receive her money. She further stated that from 1976 to 1979 that the appellant gave her his promises and assurances that he would repay the money.

In 1979, the appellee consulted another attorney concerning her problem and he referred her to the State Bar Grievance Committee. Although the State Bar filed a lawsuit against the appellant seeking disciplinary action, the appellee still did not receive her $2900 from the appellant. The appellant then filed the present cause of action, in June, 1981.

The appellant pleaded the affirmative defenses of laches and the two and four year statutes of limitation.

The appellant's first point of error alleges that the evidence was insufficient to support the trial court's judgment. The appellant has not adequately briefed or cited any authorities under this point of error. Rule 418(e), Tex.R.Civ.P., requires that the argument contain "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." The failure to cite any authority after a point of error constitutes a waiver of the point. *Leckey v. Warren*, 635 S.W.2d 752 (Tex.App.—Corpus Christi 1982, no writ); *Highlands Insurance Co. v. Baugh*, 605 S.W.2d 314 (Tex.Civ.App.—Eastland 1980, no writ). The appellant's point of error number one is overruled.

In his second and third points of error, the appellant alleges that the trial court erred in finding against him on his defenses of laches and the two and four year statutes of limitations. He contends that the appellee's cause of action was barred after four years in spite of the fact a confidential relationship existed. He cites *Cooper v. Lee*, 75 Tex. 114, 12 S.W. 483 (1889), and *Presnall v. McLeary*, 50 S.W. 1066 (Tex.Civ.App.1899, no writ) for the proposition that a client must exercise due diligence within a reasonable time to protect his own interest even though he may be dealing with his attorney.

In *Cooper*, the plaintiff was the father-in-law, and the defendant was his son-in-law and his attorney. The son-in-law gave his father-in-law two deeds for tracts of land that the son-in-law did not own, in exchange for a deed to a tract of land which his father-in-law owned. Over four

years later when the father-in-law requested that he get his deed back, the son-in-law refused. The Texas Supreme Court held that the father-in-law had failed to read and ascertain what was in the deeds and the four-year statute of limitations had run. The court stated that the father-in-law had reasonable time to exercise diligence to discover the fraud, and the fact that the parties were attorney and client did not excuse the father-in-law's negligence.

In *Presnall,* the plaintiff had obtained a judgment and his attorney assured him that the judgment was being kept alive. The attorney concealed from the plaintiff that no execution had been issued for eighteen years. The court of civil appeals held that the statute of limitations was applicable and that the attorney/client relationship did not constitute facts that would justify the plaintiff waiting eighteen years before ascertaining that his judgment was barred.

The appellee contends that the appellant did not prove the essential elements of laches, and that the appellant was estopped to plead the statute of limitations. She states that she had faith in the appellant, trusted him because he was her attorney, and that because of his continued promises to her that he would repay the money, he was guilty of deception. He therefore was estopped from relying on his defenses of laches and the statute of limitations.

■ Article 5527, Tex.Rev.Civ.Stat. Ann. provides that an action for debt is barred after four years. The doctrine of equitable estoppel arises in situations where injustice must be prevented. It is for the protection of those who are misled. *Seay v. Diversified, Inc.,* 382 S.W.2d 518 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). Equitable estoppel requires that a false representation or concealment of material facts must be made; that such representation must be made with knowledge, actual or constructive, of the facts; so that the party to whom the statement was made must have been without knowledge of the real facts; that such representation must

have been made with the intention that it should be acted on; and that the party to whom it was made must have relied on or acted on it to his prejudice. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). *See also, Gibson v. John D. Campbell and Co.,* 624 S.W.2d 728 (Tex.App.—Fort Worth 1981, no writ); *Livesay v. First Christian Church of Beaumont,* 482 S.W.2d 403 (Tex.Civ.App.—Beaumont 1972, no writ).

■ The relationship between an attorney and client is a highly fiduciary one and their dealings are subject to the same scrutiny as a trustee and a cestui que trust. *Archer v. Griffith,* 390 S.W.2d 735 (Tex. 1965). The Code of Professional Responsibility requires that an attorney promptly pay or deliver to the client as requested the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 9–102(B) (1973).

■ In the instant case, the appellant repeatedly promised and assured the appellee that he would return her money. He admitted his debt, and the appellee continued to place her trust and confidence in him. It was not until 1979 that the appellee realized that she needed to take some affirmative action. She did this by going to the State Bar Grievance Committee, and by filing this lawsuit. The evidence of this case is sufficient to show that the appellant deliberately made promises to induce the appellee to delay bringing a cause of action against him. It is further sufficient to show that in 1979, when the appellee became aware that her faith and trust in the appellant was misplaced, she started affirmative action to protect her rights. We hold that the doctrine of equitable estoppel is applicable to this cause of action, and that the defenses of laches and statute of limitations are not available to the appellant under the facts of the case. The appellants points of error two and three are overruled.

In his fourth point of error, the appellant argues that the trial court used an improper date to commence interest on the judgment. As in point of error number one, the appellant has not briefed the issue he raises nor has he cited any authority for his position. The point of error is waived. Tex.R.Civ.P. 418(e).

The judgment of the trial court is affirmed.