# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2019

Lyle W. Cayce
Clerk

TINA BREWER; R. WRIGHT BREWER,

     Plaintiffs - Appellants

v.

LUTRON ELECTRONICS COMPANY, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:18-CV-170

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In September 2013, Tina and R. Wright Brewer installed a home automation system[1] that included parts manufactured by Lutron Electronics Company, Incorporated at their new home in Texas. According to the Brewers,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Brewers' system "included equipment for a media room, televisions mounted throughout the house, audio and video equipment installed throughout the house, lighting controls, HVAC controls, wired and wireless network equipment, and a security system."

the system failed to improve their home and lives as promised; instead, the system was plagued by problems that prompted numerous corrections, attempted corrections, and repairs over the next four years.  It was not until 2018 that the Brewers sued Lutron for negligent misrepresentation and negligent undertaking.  It should not have been surprising that the district court dismissed the Brewers' claims as barred by the two-year statute of limitations.  After considering the Brewers' arguments that the district court should have excepted this case from the two-year statute of limitations, we affirm the dismissal.

I.

When the Brewers began construction on a new home in 2013, they hired Dominant Sight & Sound to install a home automation system.  The system included features manufactured by Lutron.  The Brewers allege that two Dominant employees participated in a training course, called B.U.R.S.T., offered by Lutron that had certified them to install the Lutron RadioRA product.  But that course did not cover the Lutron Radio RA 2 product of the Lutron Homeworks System product.  Even though no Dominant employee completed training for the Radio RA 2, Lutron certified Dominant as a qualified service provider for the Radio RA 2.

Dominant installed the system, but the Brewers soon began to experience multitudinous problems.  Despite Dominant's efforts to correct and repair the system, the problems would not go away.  In November 2013, the Brewers say that Lutron sent a local representative to their home to advise Dominant on correcting failures of a ceiling fan.  The Lutron representative inspected the system and confirmed that the Lutron components were correct and that they were correctly installed by Dominant.  The Brewers claim that they relied on this inspection by the Lutron representative "in their decision to continue with the installation and accept the system as installed."

No. 19-40333

Still, the problems persisted.  So, in early 2017, the Brewers hired a third-party technician to correct the system.  According to the third-party technician, the Brewers' system was originally designed to follow the specifications for the Lutron Homeworks System; but he found a different system—the Lutron Radio RA 2 using a GRAFIK Eye lighting system—was improperly installed.  While the third-party technician made some corrections to the Brewers' system, the problems lingered.  Later that year, the Brewers hired another outside expert, who contacted a Lutron technical support representative.  The Brewers allege that this Lutron representative now advised that the system was not installed in accordance with Lutron's standards and recommended that the entire system be removed and replaced with the Lutron Homeworks system at a cost of $250,000.

In April 2018, the Brewers filed this suit against Lutron.  In their second amended complaint, they assert two causes of action: negligent undertaking and negligent misrepresentation.  Lutron moved to dismiss for failure to state a claim on grounds the two-year statute of limitations for bringing the suit had expired.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  The Brewers responded that the Texas discovery rule applied to their claims, and therefore the statute of limitations did not begin to run until 2017, when the Brewers' technician inspected the system.  The district court adopted the report and recommendation of the magistrate judge dismissing the Brewers' claims with prejudice.  The court held that the discovery rule did not apply to the Brewers' obvious injury and, alternatively, that even if the discovery rule did apply, the statute of limitations would have begun to run in November 2013 when they became aware of problems with the system.  The Brewers filed a motion for reconsideration, which the district court denied.  The Brewers then timely appealed.

3

No. 19-40333

## II.

Our review of a district court's grant of a motion to dismiss for failure to state a claim is *de novo*. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). We view the allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## A.

The Brewers argue that the district court erred by, first, holding that the discovery rule did not apply to their injury and, second, by alternatively holding that, assuming the discovery rule did apply, their cause of action accrued in November 2013 when problems with their system were obvious to the Brewers.

Normally, under Texas law, a cause of action accrues two years after an injury occurs. *See Comput. Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 458 (Tex. 1996). The discovery rule is an exception to that general rule. *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008). For the discovery rule to apply, "the nature of the injury must be inherently undiscoverable and that the injury itself must be objectively verifiable." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). When the discovery rule does apply, it "defer[s] accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *Id.*

We need not determine whether the discovery rule applies to the Brewers' injury because, if we assume it applies, the Brewers' causes of action accrued, at the latest, in November 2013 and had run by November 2015. They did not file this action until April 2018. By November 2013, according to the

4

No. 19-40333

allegations in the Brewers' second amended complaint, they had already experienced "intermittent problems with the System" including "slow or intermittent performance in the audio/video system, alarms mistakenly sent by the security system to the local police, malfunctioning equipment, inoperable remote controls, electrical noise in the audio system." And repair attempts were "at best transient, and the problems would reappear in the same or different subsystem." Thus, by November 2013, the Brewers knew all the facts giving rise to their cause of action: their home automation system was not working properly, Lutron parts were used in the system, and they had relied on Lutron's inspection of the system and certification of Dominant as an installer. Yet the Brewers still waited four years to hire a third-party technician to inspect the system and nearly five years to file this suit.[2] Their claims are therefore barred by Texas's two-year statute of limitations.

## B.

The Brewers also argue that the district court erred by not converting Lutron's motion to dismiss to a motion for summary judgment or, alternatively, by not granting the Brewers' leave to amend their complaint. *See* Fed. R. Civ. P. 12(d). The Brewers contend that the date of accrual in this case could only have been determined by looking to material outside the pleadings. After the magistrate judge recommended dismissal of the Brewers' complaint, the Brewers filed objections to the district court judge and submitted evidence outside the pleadings. One item of evidence was an affidavit from R. Wright

---

[2] The Brewers argue that Lutron should be estopped from seeking dismissal under the statute of limitations because of promises that repair work would continue beyond November 2013. The Brewers do not allege, however, that Lutron made a false promise to repair the system. *See Gibson v. John D. Campbell & Co.*, 624 S.W.2d 728, 733 (Tex. App.–Fort Worth 1981, no writ) ("[T]he party seeking to rely upon the statute of limitation must have been guilty of deception or a violation of a duty toward the other party before estoppel will be applicable."). According to the Brewers' allegations, all repair work was performed by Dominant.

No. 19-40333

Brewer stating that Dominant had represented that issues with the installation were normal and would be fixed. A second was a declaration from the Brewers' expert opining that reasonable homeowners could not discover the type of problems the Brewers suffered until years after installation had begun.

The district court did not err by refusing to convert Lutron's Rule 12(b)(6) motion to a motion for summary judgment or allowing a third amendment of the Brewers' complaint. The evidence submitted by the Brewers does not negate the fact that, as we have already noted, the Brewers knew of all the facts necessary to bring their claim by November 2013. Nothing in the Brewers' extra-pleading material contradicts their own allegation that in 2013 they experienced "intermittent problems with the System" and Dominant's "'repairs' were at best transient, and the problems would reappear in the same or different subsystem." Thus, even if the discovery rule applies to the type of home automation system installed by the Brewers, the Brewers did, as alleged in their complaint, discover their injury in November 2013. Conversion to a motion for summary judgment or permitting a third amendment of the complaint would not have cured this defect.

## III.

Even assuming the discovery rule applies, the statute of limitations on the Brewers' claims ran in November 2015, more two years before they filed this suit. The judgment of the district court is

AFFIRMED.