KNEBLICK V. MARKS 






NO. 10-90-199-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          PATRICIA KNEBLICK, INDIVIDUALLY
          AND AS PARENT AND NEXT FRIEND OF
          LESLIE KAY KNEBLICK AND ROBIN 
          MICHELLE KNEBLICK, AND AS SURVIVING
          SPOUSE AND HEIR-AT-LAW OF MICHAEL
          RAY KNEBLICK, DECEASED, ET AL,
                                                                                            Appellants
          v.

          ARMOND BARRY MARKS, ET AL,
                                                                                            Appellees

* * * * * * * * * * * * *

 From the 13th Judicial District Court
Navarro County, Texas
Trial Court # 301-86

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This is an appeal by Patricia Kneblick based on the granting of a summary judgment in
favor of Armond Barry Marks (Marks) and Vantage Transportation, Inc. (Vantage). Mrs.
Kneblick sued Marks and Vantage for the wrongful death of her husband who was killed in an
automobile accident when the driver of another car crossed the median on Interstate 45 and
collided head-on with the car driven by Michael Ray Kneblick. Mrs. Kneblick alleges that Marks,
while operating a tractor-trailer owned by Vantage, side-swiped a car which crossed the median
of the highway and collided with Michael Ray Kneblick's car ultimately resulting in the death of
Mr. Kneblick. We will reverse and remand.
          For a party to be entitled to summary judgment the movant must conclusively prove all
essential elements of his claim. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986); see also
Nixon v. Mr. Property Management, 690 S.W.2d 546 (Tex. 1985). The burden is on the movant
to show there are no genuine issues of material fact and that, as a matter of law, movant is entitled
to judgment. Id. All evidence favorable to the non-movant will be taken as true. Id. 
Additionally, every reasonable inference must be indulged and any doubts resolved in the non-movant's favor. Id. Additionally, evidence favoring the movant's position will not be considered
unless it is uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing and Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965). Even if evidence favoring the movant's position is
uncontroverted, and if reasonable minds would not necessarily come to the same ultimate
conclusion, then the conclusion would be a conclusion of fact precluding summary judgment. 
Gibson v. John D. Campbell & Co., 624 S.W.2d 728, 732 (Tex.App.--Fort Worth 1981, no writ). 
          Mrs. Kneblick complains that the trial court erred in granting summary judgment on the
basis of an interested witness's controverted testimony and when genuine issues of material fact
existed. She argues that the affidavit of Marks, which stated that he was not involved in and did
not cause the accident in question, serves only to raise a material issue of fact, the credibility of
Marks. Marks argues that the summary judgment is proper under Rule 166a(c) of the Texas Rules
of Civil Procedure. See Tex. R. Civ. P. 166a(c). The rule provides in part:
A summary judgment may be based on uncontroverted testimonial evidence of an
interested witness, or of an expert witness as to subject matter concerning which
the trier of fact must be guided solely by the opinion testimony of experts, if the
evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted.
Id. (emphasis added). Here, there is evidence controverting Marks' affidavit that he was not
involved in and did not cause the accident. The affidavit of Betty Youngblood states that she heard
Marks saying he had been involved in a wreck during the period of time in which this collision
occurred and in the same geographical area. 
          Marks' credibility is a material question of fact. If the credibility of Marks is likely to be
a dispositive factor in the resolution of this case, then the summary judgment is inappropriate. See
Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989). The judgment is reversed and this cause is
remanded to the trial court.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and 
          Justice Vance
Reversed and remanded
Opinion delivered and filed May 16, 1991
Do not publish